# Hankinson *v*. The State.

### *Assault With Intent to Murder.*

(Decided Dec. 19, 1911. 57 South. 61.)

*Indictment and Information; Sufficiency; Code Form.*—An indictment in the exact language prescribed by the code, is sufficient, even though matters of substance are omitted by such form.

APPEAL from Jefferson Criminal Court.

Heard before Hon. M. FRANK CAHALAN.

John Hankinson was convicted of an assault with intent to murder, and he appeals. Affirmed.

The indictment is as follows (omitting formal charging part) : John Hankinson unlawfully and with malice aforethought did assault Josh Jones, with intent to murder him, etc. The demurrers are: 1. Fails to allege with what kind or character of instrument the said assault was committed. 2. Fails to allege how Josh Jones was assaulted. 3. Fails to allege any offense.

FRANK S. ANDRESS, for appellant. Counsel insist that the form prescribed by the Code, is insufficient and violative of Sec. 6, Const. 1901, and that therefore the indictment is insufficient, and that the demurrers thereto should have been sustained.—*Hornsby v. The State,* 94 Ala. 555; *Reese v. The State,* 50 Ala. 144.

[Hankinson v. The State.]

ROBERT C. BRICKELL, Attorney General, and T. H. SEAY, Assistant Attorney General, for the State. The indictment pursued the exact language of the statute, and was therefore sufficient.—*Woods v. The State,* 50 Ala. 144; *Reese v. State,* 39 South. 678.

DE GRAFFENRIED, J.—The indictment in this case is in the exact language of the form prescribed by the Code for an indictment for an assault with intent to murder. It was, therefore, not subject to the demurrer which the defendant interposed to it. "We have made very many rulings on the sufficiency of the forms of indictment furnished in the several Codes. 'When the legislature, either in the body of the statute, or in a prescribed form, declares what shall be a sufficient indictment, such legislative direction is pronounced controlling, and an indictment pursuing such form will be pronounced good.'—*Smith v. State,* 63 Ala. 55; *McCullough v. State,* 63 Ala. 75; *Wilson v. State,* 61 Ala. 151. 'An indictment conforming to the form prescribed by the Code is sufficient, though matters of substance are omitted.'—*Weed v. State,* 55 Ala. 13. See also 3 Brick. Dig. 280, § 459, where it is affirmed that indictments conforming to the form prescribed by the Code are sufficient whether charging a felony or a misdemeanor."—*Bailey v. State,* 99 Ala. 143.

There is no error in the record, and the judgment of the court below is affirmed.

Affirmed.