# *Ex Parte* **Graham,** *et al.*

### *Mandamus.*

#### (Decided Jan. 30, 1912. 57 South. 1015.)

*Justices of the Peace; Appeal; Jurisdiction; Statutes.*—The Act of Feb. 28, 1907, (Local Acts 1907, p. 279) does not to any extent repeal section 2, local Acts 1903, p. 398, as nothing in the title of the latter act indicates any such purpose, and the provisions of the two acts are not directly repugnant, although but for the Local Acts, giving the county court exclusive jurisdiction of appeals from the justice court, the circuit court would have jurisdiction thereof.

Original petition in the Court of Appeals.

Petition by M. W. Graham and others, for mandamus to the judge of the Circuit Court of Coffee County, to require him to strike a cause from the docket of his court brought there by appeal from a justice court. Writ granted.

The facts made by the petition are that one A. J. Edwards filed suit in the justice court of Hon. T. J. Carlisle against petitioners, that summons and complaint was served, that petitioners appeared, and after the trial of said cause by said justice a judgment was rendered in favor of petitioners, discharging them, and recovering cost against the plaintiff in said cause; that afterwards, on, to wit, the 21st day of May, 1910, Edwards executed a bond for the appeal of said cause to the circuit court of Coffee county, for the Enterprise division thereof; that the bond was approved by the justice, and he certified to said circuit court a full and complete transcript, which is asked to be treated as part of the petition; that at the fall term of the circuit court, to which the appeal was returnable, and before the cause was called for trial, and before any plea was filed in said cause, or issue joined thereon, petitioners filed their motion in said cause

to dismiss the appeal, because the circuit court had no jurisdiction to entertain it, and because the appeal should have been returned to the county court of Coffee county. The suit referred to was begun on the 7th day of May, 1910. The appeal was taken on the 21st day of May, 1910. The petition for mandamus was filed in this court February 10, 1911, after the judge had declined to grant petition or motion to dismiss the cause from the docket, which motion seems to have been filed August 25, 1910. By an act approved February 28, 1911, to take effect July 15, 1911 (Local Acts 191v1, p. 30), the county court of Coffee county was abolished; hence the opinion in this case in no way affects appeals taken from judgments of justices of the peace to the circuit court of Coffee county, where the appeals have been taken since the 15th day of July, 1911.

W. W. and J. F. SANDERS, for petitioner. There is no constitutional judgment to limit the appeals of the justice court to the county court—Sec. 168, Constitution 1901; *Ex parte O'Neal,* 154 Ala. 237. The petitioner made the motion to strike the cause, and on refusal of the court to do so mandamus will be awarded.—Merrill on Mandamus, Sec. 201; *First Nat. Bank v. Cheney,* 120 Ala. 121, and cases there cited. It is respectfully submitted that the rules should issue.—*State v. Nabors,* 7 Ala. 459; *Longshore v. The State,* 137 Ala. 639. The General Act of later date did not repeal the Local Act conferring exclusive jurisdiction upon a county court. —*Smith v. Speed,* 50 Ala. 276; *Parker v. Hubbard,* 65 Ala. 203; *Roberts v. Pippin,* 75 Ala. 103; *Gilmore v. The State,* 28 South. 382. The latter act would be void, if it attempted to repeal the former act.—*Randolph v. Building Co.,* 106 Ala. 501; *Thompson v. Luverne,* 125 Ala. 366; *Ham v. State ex rel. Buck,* 47 South. 126.

C. W. SIMMONS, for appellee. No brief reached the Reporter.

DE GRAFFENRIED, J.—Under the provisions of section 2 of an act entitled "An act to amend an act to establish the county court of Coffee county," approved September 29, 1903 (Local Acts 1903, p. 398), "all appeals from judgments of any justice of the peace in said county in civil suits shall be taken and made returnable to" said county court. There is therefore no machinery provided by law by which a case taken on appeal, in civil matters, from the judgment of a justice of the peace in Coffee county, can be rightfully placed upon the docket of the circuit court of Coffee county. "All appeals," says the above act, "from judgments of any justice of the peace in said county in civil suits shall be made returnable to" said county court.

The Legislature, by an act entitled "An act to provide for holding separate terms of the circuit court for Coffee county at Enterprise," approved February 28, 1907 (Local Acts 1907, p. 279), divided Coffee county into two separate, distinct judicial divisions. It is evident that, in adopting the act, the Legislature simply intended to declare that when the circuit court is held for the division of the county in which Enterprise is located it shall possess the identical authority over the territory over which it then has jurisdiction, no more and no less, that it possessed when sitting for the other division of the same country.—*Shell v. State*, 2 Ala. App. 207; 56 South. 39.

Section 15 of the above act, approved February 28, 1907, provides that the circuit court held at Enterprise shall have jurisdiction over all causes and proceedings within said district conferred by law upon the circuit court in this state; but we do not think that this, or any other provision of the act, affects the provision of said

local act, approved September 29, 1903, which requires
that all appeals in civil suits from judgments of justices
of the peace shall be made returnable to the county court
of Coffee county.   The Legislature, when it passed the
above act, approved February 28, 1907, the effect of
which was to divide Coffee county into two identical dis-
tricts, did not create a *new court*. It simply, for the con-
venience of the citizens of that county, required the
holding of separate terms of the same court in two dis-
tinct judicial districts.   Under the general law of the
state, but for the local act conferring exclusive jurisdic-
tion on the county court to try all appeals in civil mat-
ters taken from judgments of justices of the peace, the
circuit court of Coffee county, when sitting at Elba,
would have jurisdiction of such appeals when taken from
judgments rendered in that division of the county; and
but for the same local act the circuit court of said coun-
ty, when sitting at Enterprise, would, under the terms
of the act authorizing the holding of such court at En-
terprise, have jurisdiction of such appeals when taken
from judgment rendered in that division of the county.

One of the cardinal rules for the interpretation of a
statute is that it shall, if possible, be so construed as to
give effect to the intention of the Legislature in passing
it.   Where the intention is not apparent for that pur-
pose, the general words of a later statute do not repeal
a former.—*Montgomery v. Building & Loan Ass'n,* 108
Ala. 343, 18 South, 816; *Iverson v. State,* 52 Ala. 170.  In
adopting the act conferring exclusive jurisdiction of ap-
peals from judgments of justices of the peace in civil
suits upon the county court of Coffee county, the Legis-
lature evidently intended to relieve the circuit court of
that county from the burden of trying such cases, in
order that it might have more time to devote to the trial
of causes of greater dignity and importance; and there

is nothing in the general language of section 15 of the said act, approved February 28, 1907, indicating a purpose to repeal the above-mentioned provision of the act, approved September 29, 1903, in so far as the Enterprise division is concerned.     There is certainly nothing in the title of the act creating the Enterprise division indicating such purpose; and it has always been the declared rule in this state that the repeal of a former statute by a later statute by implication merely is not favored, and the courts will not declare a prior statute to have been  repealed by a subsequent one, in the absence of express words, unless the provisions of the two are directly repugnant.—*Roberts v. Pippen,* 75 Ala. 103.

If two statutes on the same subject are mutually repugnant, the later act, without a repealing clause, operates to repeal the earlier act; but, as laws "are presumed to be passed with deliberation and with full knowledge of existing laws on the subject, it is but reasonable to conclude that in passing a statute it was not intended to interfere with or abrogate any former law relating to the same matter, unless the latter act is either repugnant to the former one, or fully embraces the subject-matter thereof, or unless the reason for the earlier is beyond  peradventure removed."—Amer. & Eng. Ency. Law, vol. 26, pp. 721-723.

We are therefore of the opinion that under the local act, above referred to, approved September 29, 1903 (Local Acts 1903, p. 398), appeals from the judgment of justices of the peace in civil cases in Coffee county, in both divisions of the county, must be taken and made returnable to the county court of said county, and that the circuit court of said county, whether held at Elba or at Enterprise, has no jurisdiction over such appeals.

The alternative writ of mandamus prayer for is therefore hereby ordered to issue.

Petition for mandamus granted.