(75 South. 185)

KRAMER v. STATE. (6 Div. 935.)

(Court of Appeals of Alabama. April 3, 1917. Rehearing Denied May 15, 1917.)

**1. CORPORATIONS ☞289—DE JURE OFFICERS —CREATION OF OFFICE BY DIRECTORS.**

Directors of a corporation having only the powers given by by-laws, which authorize it only to fill the offices created by by-law and to appoint other employés, cannot create an office; and so one appointed by them as assistant cash-

[1] 15 Ala. App. 354.

ier is not a de jure officer, there being no such office.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 1240–1245.]

2. CORPORATIONS ☞289 — DE FACTO OFFICERS.

There cannot be a de facto officer of a corporation, there being no corresponding office in existence.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 1240–1245.]

3. CORPORATIONS ☞289—DE FACTO OFFICES.

No de facto office results from any attempt of directors of a corporation without authority to create an office.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 1240–1245.]

4. EMBEZZLEMENT ☞35—INDICTMENT—VARIANCE.

Indictment under Code 1907, § 6830, declaring the offense of embezzlement of funds of a bank by an officer, agent, clerk, or servant thereof, charging defendant as an officer, when he was merely an employé, he cannot be convicted thereunder.

[Ed. Note.—For other cases, see Embezzlement, Cent. Dig. §§ 55–59.]

5. EMBEZZLEMENT ☞2—STATUTE—REPEAL.

Code 1907, § 6830, declaring the offense of embezzlement of funds of a bank by an officer, agent, clerk, or servant thereof, is not repealed by Acts 1911, pp. 86, 87, §§ 45, 46, declaring punishment for various offenses by individual banker or officer, director, agent, or employé of a bank; each statute being directed against a distinct, separate offense, entirely different in character, and there being ample field for operation of both.

[Ed. Note.—For other cases, see Embezzlement, Cent. Dig. § 2.]

Appeal from Circuit Court, Cullman County; R. C. Brickell, Judge.

Joe H. Kramer was convicted, and appeals. Reversed and remanded.

F. E. St. John, of Cullman, and Allen & Bell, of Birmingham, for appellant. W. L. Martin, Atty. Gen., and P. W. Turner, Asst. Atty. Gen., for the State.

BRICKEN, J. The defendant was tried and convicted of embezzlement at the spring term, 1915, of the circuit court of Cullman county, from which judgment of conviction this appeal is taken.

The indictment upon which the defendant was convicted contains nine counts, in which he is charged with embezzlement of certain sums of money as "an officer, to wit, assistant cashier of the German Bank of Cullman, Ala., a bank incorporated under the laws of said state." The indictment evidently was preferred under section 6830, Code 1907. Under that statute, "any officer, agent, clerk, or servant of any bank incorporated under any law of this state, who embezzles or fraudulently converts to his own use, * * * any money, property, or effects belonging to or in the possession of such bank, or deposited therein, must be punished, on conviction, as if he had stolen it."

One of the main contentions here made by the defendant is that, under the testimony introduced on the trial of the case, it was not shown that he was an officer of the bank, as alleged in each of the nine counts of the indictment, and that therefore there was a variance between the allegations and the proof. It appears from the testimony that the father of the defendant was the cashier of the bank, and had been its cashier ever since its organization. Several months ago the father went to Europe, and had not discharged the duties of cashier since his departure, and was not discharging them at the time of the alleged embezzlement. The defendant, during the absence of his father, acted as cashier, and was so acting at the time of the alleged embezzlement. It further appears that at a meeting of the board of directors of the bank in July, 1907, the defendant, along with other officers, was elected assistant cashier of the bank and his father elected cashier. The salary of the cashier and assistant cashier for the ensuing year was fixed at $100 per month for both the father and son. For the year in which the alleged embezzlement occurred, the father and the defendant were being paid jointly $150 per month for their services.

[1, 2] The bank was incorporated under the general laws of the state about eight years before the trial of the defendant, which was had in March, 1915. Under the act approved October 2, 1903 (General Acts 1903, p. 310, incorporated in section 3481 of the Code of 1907), conferring and limiting the powers of business corporations, and providing for their organization and regulation, express power was conferred upon the bank as a corporation to appoint and employ such officers and agents as its business might require, and also to make all needful by-laws, rules, and regulations for the transaction of its business and the control of its property and affairs. Here we find express authority conferred upon the stockholders of the bank to provide for the appointment and employment of officers and agents, and to make all needful by-laws, rules, and regulations for the transaction of its business, etc. The power here conferred was exercised by the stockholders in the enactment of by-laws in which the officers of the bank were created, and their duties defined, conferring upon directors of the bank the authority to select the officers designated, to appoint other employés, and to fix their salaries. The offices created were those of president, vice president, and cashier. No such office as assistant cashier was created or established. It therefore had no legal existence, unless it be held that the directors possessed the power of creating such an office. Directors of a corporation are simply agents selected by the stockholders of the corporation, limited in the exercise of power by the by-laws in matters pertaining to the internal management of the affairs of the corporation. Being mere

agents they can exercise no powers except those conferred by the by-laws instituted by the stockholders. A by-law is correctly defined to be a rule or law of a corporation for its government. Note to Sayre v. Louisville Ass'n, 85 Am. Dec. 617; 10 Cyc. 349. The directors can no more violate it than they could a legislative enactment of the state. They can no more exercise powers not conferred than any other agents; and where they exceed the powers conferred, their acts are not binding on the corporation.

If it was the purpose of the directors, by electing defendant assistant cashier, and by fixing his salary to be paid jointly with that of his father as cashier, to create the office of assistant cashier, which is by no means clear, then their act in carrying out that purpose was a clear usurpation of authority not binding upon the bank, and the defendant was never a de jure officer of the bank. Was he a de facto officer? He was not. There can be no de facto officer, unless there is a corresponding office in existence. 8 Am. & Eng. Encyc. of Law (2d Ed.) 799; Norton v. Shelby County, 118 U. S. 425, 6 Sup. Ct. 1121, 30 L. Ed. 178; Diggs v. State, 49 Ala. 311; Ex parte State ex rel. Attorney General, 142 Ala. 87, 38 South. 835, 110 Am. St. Rep. 20; Walker v. State, 142 Ala. 7, 39 South. 242.

[3, 4] But it may be said that the act of the directors in electing the defendant assistant cashier impliedly created the office of assistant cashier. If this be conceded, the answer is that, as they were without authority to create that office, it has never had any legal existence, and can have no de facto existence. It has been very correctly said by an eminent jurist and law-writer:

"The notion that there can be a de facto office has been characterized as a political solecism, without foundation in reason and without support in law." 1 Dillon on Municipal Corporations (4th Ed.) § 276.

The view that there may be a de facto office under a constitutional government is wholly untenable and unsound. 8 Am. & Eng. Encyc. Law (2d Ed.) 801, and cases cited in notes. And this is true here. The by-laws enacted by the stockholders, so far as the directors are concerned, is the law of the corporation, and just as solemn as is the constitution of a sovereign state, or the charter under which the bank derived its corporate existence and powers. Without a legally constituted office there can be no officer, either de jure or de facto; and unless the defendant was a de jure or de facto assistant cashier—and he was neither—he cannot be convicted under this indictment. It is true that he was in the employment of the bank, but he was not an officer.

[5] There is no merit in the contention insisted upon by the appellant to the effect that sections 45 and 46 of the act of 1911 (Acts 1911, pp. 50 to 86) repealed section 6830 of the Code. It is obvious from an examination of the two statutes in question that each statute is directed against a distinct, separate offense, entirely different in character, and that there is ample field of operation for both of said statutes. Corbin v. State, 15 Ala. App. 602, 74 South. 729; Sanders v. State, 58 Ala. 371; Ex parte Graham, 4 Ala. App. 244, 57 South. 1015.

It is unnecessary to consider the other questions raised on the record.

Reversed and remanded.