# Corbin *v.* The State.

### Embezzlement.

(Decided April 3, 1917.   74 South. 729.)

1. **Indictment and Information; Demurrer; Questions Raised.**—Under the indictment in this case the question whether defendant was a notary public or a notary public and ex officio justice of the peace, was one of proof, and could not be raised by demurrer to the indictment.

2. **Embezzlement; Justice of the Peace; Statute.**—The provisions of § 7488, are not a bar to a prosecution for embezzlement under § 6838, Code

[Corbin v. The State.]

1907, as the former statute merely penalizes for neglect, oversight, ignorance, etc., while the latter penalizes corruption and dishonesty.

3. Same.—Under § 6838, Code 1907, before a justice of the peace can be convicted of embezzlement, it must be alleged and proven that he was such officer, that he received money in his official capacity, that he knowingly converted it, and that the conversion was unlawful.

4. Evidence; Judicial Knowledge; Officers.—The court takes judicial notice of the fact that a certain person was a notary public and ex officio justice of the peace. ·

5. Justices of the Peace; Compensation; Statute.—While § 7488, Code 1907, does not expressly authorize justices of the peace to apply fines collected by them to the payment of fees in cases in which the state fails to convict, this has been the practice since 1875, thus implying approval of this interpretation, and it will be adopted and the statute so construed.

6. Embezzlement; Justice of the Peace; Evidence.—Where a justice of the peace was prosecuted for embezzling fines collected by him, he could show that fees were due him in cases where the state had failed to convict equal to the amount of fines appropriated by him, and that he had so applied the money.

7. Same.—While a strong circumstance upon the question of his guilt that the justice did not make settlement as required by law, yet it was a matter for the jury to determine.

APPEAL from Jefferson Criminal Court.

Heard before Hon. A. H. ALSTON .

Jim Corbin was convicted of embezzlement as notary public and ex officio justice of the peace, and appeals. Reversed and remanded.

The facts necessary for a decision of this case are as follows: The defendant was indicted under section 6838 of the Code; and the indictment in two counts charged that the defendant, as a notary public and ex officio justice of the peace, embezzled money received by him in his official capacity; and in two counts charged that the defendant, as a notary public, embezzled, etc.

The evidence for the state tended to show that the defendant, acting as a justice of the peace, fined numerous persons for various offenses and collected and appropriated the fines; that the cases did not appear on his docket presented to the grand jury, and that he did not account for the money to the county treasurer, as required by law; that when he was before the grand jury, he denied ever having some of the defendants before him. On the trial it was shown that the docket had been delivered to the solicitor and was lost, proof being made so as to authorize secondary evidence of its contents. On the trial of the case, the defendant did not deny having fined the persons alleged; did not

[Corbin v. The State.]

deny that some of the cases were not on his docket; but offered evidence tending to show that he, as justice of the peace, had tried a great many cases besides the ones alleged by the state, in which the state had failed to convict, and in which cases he was entitled to certain fees allowed by law, to be paid out of the fines collected by him in cases tried in his court. The court refused to allow the defendant to make this proof, to which action the defendant legally reserved exception.

R. D. COFFMAN, and J. B. AIRD, for appellant. W. L. MARTIN, Attorney General, and P. W. TURNER, Assistant Attorney General, for the State.

SAMFORD, J.—1. The indictment in all of its counts follows the Code form, and is not subject to demurrer.—*Marsh v. State,* 3 Ala. App. 83, 57 South. 387; *Hankinson v. State,* 2 Ala. App. 110, 57 South. 61.

(1) 2. The question of whether the defendant was a notary public or a notary public and ex officio justice of the peace was one of proof, and this could not be raised by demurrer to the indictment.

(2) 3. The contention of the defendant is that, under the facts, if guilty at all, it is of a violation of section 7488 of the Code, fixing a penalty for a failure to keep a docket and make settlement as required. We cannot agree to this. A justice or notary may be guilty under section 7488 without being involved morally; neglect, or even ignorance, might render him subject to the penalty; but this section was never intended to be a bar to a prosecution under section 6838, or to render justices of the peace and notaries immune from a prosecution for a graver offense denounced in that section. In the one case the penalty is for mere neglect, oversight, ignorance, etc., while in the other it is a penalty for corruption and dishonesty. The distinction is too apparent to admit of argument or to require citation of authority.

(3, 4) 4. But before a conviction can be had under section 6838, all of the material elements of the offense must be alleged and proven—i. e., that the defendant was a notary public and an ex officio justice of the peace; that he had money paid him in his official capacity; that he knowingly converted that money to his own use; that the conversion was wrongful. In this case, the

fact that the defendant was a notary public and ex officio justice of the peace of Jefferson county was a fact of which the courts take judicial knowledge; that he had received money from various sources in payment of fines imposed in his court, which he had not paid over or accounted for, is abundantly shown by the evidence. But did he wrongfully convert this money to his own use? In other words, was there enough money due him for fees in other cases where the state had failed to convict to consume the amount collected if it had been so applied?

(5) The act authorizing justices of the peace and ex officio justices of the peace to apply fines to the payment of fees in which the state failed to convict was approved March 19, 1875.— Acts 1874-75, p. 178. This act was carried into the Code of 1876, and comes down to us as section 7488 of Code 1907; and while the language of the present section does not specifically say that justices of the peace and notaries public with ex officio powers shall have the right to apply fines collected by them to the payment of their insolvent costs, such has been the practice since 1875, and the continuation of the section in the same language through all these years and the action of the state officials in approving this construction necessarily implies approval of this interpretation. This view was held in the case of *State, ex rel. Turner v. Henderson, Governor,* 74 South. 344, with regard to an appropriation claimed to have been made in violation of the Constitution; and if that is correct, it will apply with equal force here. We therefore hold that under authority of section 7488 of the Code, a justice of the peace or notary public and ex officio justice of the peace has a right to apply fines collected in his court to the payment of his insolvent fees and costs.

(6) This being the law, the defendant had a right to show by competent evidence that he was due fees and costs in cases where the state had failed to convict in his court in an amount equal to or greater than the amount of fines shown to have been collected and appropriated and that he so applied them. This the defendant offered to do; the court refused to allow the testimony, and the defendant excepted. In this the court committed error, and for this error the judgment is reversed, and the cause is remanded.

(7) That the defendant did not report them to the grand jury, and did not make settlement with the county treasurer as required by law, are strong circumstances to go to the jury upon

the question of his guilt; but he nevertheless had the right to have the jury pass upon.it.

It is not necessary for the purposes of another trial to pass upon.the other assignments of error.

Reversed and remanded.