THE STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. HARRY B. WOODWARD, PLAINTIFF IN ERROR.

Submitted July 23, 1923—Decided November 21, 1923.

1. To constitute the crime of embezzlement, except in certain statutory cases, there must be evidence of an intent by the defendant to illegally appropriate the property to his own use, and the retention of the property upon a *bona fide* claim of ownership is inconsistent with the existence of such intent.

2. Defendant was given certain tools for the purpose of showing them to a prospective purchaser, and subsequently reported to the son of the owner that the prospective purchaser did not want to buy them, but that he, the defendant, would take them himself, and then paid $5 on the purchase price, which was received by the owner without objection. Subsequently, a complaint of embezzlement was made against defendant, and he was convicted. *Held,* that no intent by defendant to illegally appropriate the tools to his own use was shown, and that the conviction must be set aside.

---

On error to the Mercer County Quarter Sessions Court.

For the plaintiff in error, *Amos M. Waln.*

For the defendant in error, *William H. Geraghty.*

Before GUMMERE, CHIEF JUSTICE, and Justices MINTURN and BLACK.

The opinion of the court was delivered by

MINTURN, J. The defendant was convicted of the crime of embezzlement, upon the following state of facts: The de-

fendant received certain tools in the county of Mercer, and at that time stated that he knew a person in Chesterfield township, county of Burlington, New Jersey, to whom he thought he could sell the tools for the complaining witness (the owner); that he took the tools as aforesaid with the understanding that if he succeeded in making the sale he should bring the money, received from the sale thereof, to the son of the complaining witness, who was employed at the same mill in which the defendant was employed. That thereafter the tools were removed to a place in Chesterfield township, county of Burlington, and the defendant came to the son of the complaining witness and said to him, "The man who was going to take the tools has changed his mind, but I will take them off your mother's hands myself. Here is $5 on the purchase price for you to take to her." That the said son of the complaining witness received the sum of $5 and took it to the complaining witness stating that he had received it from the defendant. That the complaining witness accepted the money, but said nothing, and that a few weeks thereafter complaint was made against the defendant for withholding the tools or the proceeds from the sale thereof.

After taking the tools the defendant was requested to bring them to the home of the complaining witness in order that they might be examined by a prospective purchaser. The defendant, in reply to the said request, said that he was willing to bring the tools but was too busy at the time. We are unable to perceive the constituent elements of a crime in this situation. Obviously, the plaintiff in error received the goods under an agreement to purchase the same, and actually paid $5 on account thereof, and thereafter continued to use the goods as his property.

To constitute the crime of embezzlement, except in certain statutory cases, there must be some evidence of an intent to illegally appropriate the property claimed to his own use; and quite obviously the retention of the property upon a *bona fide* claim of ownership is inconsistent with the existence of such intent. Where an act becomes criminal only

by reason of the intent with which it is done, such intent must be proved. *State* v. *Malloy,* 34 *N. J. L.* 410; 8 *R. C. L.* and cases 60; 15 *Cyc.* 495.

The maxim *actus non facit reum nisi mens sit rea* is not without application in the situation presented her. *Commonwealth* v. *Mixer,* 207 *Mass.* 141.

The gist of this crime consists in the fraudulent intent of the defendant to convert another's property to his own use. *Burnett* v. *State,* 62 *N. J. L.* 510; *State* v. *Egan,* 84 *Id.* 701.

In this case there was no such intent proved, nor was it inferable from the defendant's acts or conduct, which are entirely consistent with a *bona fide* claim of purchase; and while a prior demand for the return of the property and refusal are not essential elements of the crime in certain cases (*State* v. *Egan, supra*), they present some evidence upon which the crime may be predicated. To constitute a conversion in the common law action of trover, demand and refusal are essential prerequisites of pleading and proof to the maintenance of the action, and *a fortiori* in a prosecution of this character, involving the liberty of the citizen, his attitude regarding the ownership of the property in question, under the rule of reasonable doubt, cannot be left in the atmosphere of conjecture, but becomes at least equally important, as in a civil suit upon the question of defendant's criminal intent. *Fitzgerald* v. *State,* 50 *N. J. L.* 475; *State* v. *Reynolds,* 65 *Id.* 424, 430; *State* v. *Temple,* 63 *Id.* 375, 377.

We find nothing in the record evincing such intent, or anything incompatible with a *bona fide* claim of ownership, based upon a prior agreement of purchase and sale, between the complaining witness and the defendant, on account of which sale a part payment of the consideration had been made and accepted.

We find it unnecessary, in this view of the fundamental question involved, to discuss the issues of procedure presented by the briefs.

The judgment of conviction will be reversed.