## UNITED STATES v. TITUS.

### No. 3199.

District Court, D. New Jersey.

Jan. 24, 1946.

Edgar H. Rossbach, U. S. Atty., of Newark, N. J., and Grover C. Richman, Jr., Asst. U. S. Atty., of Camden, N. J., for plaintiff.

James M. Davis, Jr., of Camden, N. J., for defendant.

FORMAN, District Judge.

Harry Mace Titus, Sr., the defendant, was charged with embezzlement of certain personal property of the government at Post Exchange No. 10., Fort Dix, New Jersey, a government reservation; in violation of 18 U.S.C.A. § 468 and R.S. 2:124-11 of New Jersey, N.J.S.A. The federal statute provides for the application of state penal statutes to actions committed on government reservations within the territorial limits of the state where they are not made penal by any laws of Congress. The latter statute of New Jersey defines the following offense:

"Any consignee, factor, bailee, agent or servant, intrusted with the care or sale of any personal property, or intrusted with the collection or care of any moneys, who shall fraudulently take or convert the same, or the proceeds of the sale of the same, or any part thereof, to his own use or to the use of any other person whatsoever, except the rightful owner thereof, shall be guilty of a misdemeanor." R.S. 2:124-11 of N.J., N.J.S.A.

The indictment, following the latter statute, is in four counts. The first charges him with the embezzlement on November 27, 1944 of two cases of cigarettes of the value of $145. The second count charges him with the embezzlement on November 28, 1944 of 120 cartons of cigarettes of the value of $156. The third count charges him with the embezzlement on November 30, 1944 of 100 cartons of cigarettes of the value of $145, and the fourth count charges him with the embezzlement on December 2, 1944 of 120 cartons of cigarettes of the value of $156.

The defendant, a civilian, was employed as manager of Post Exchange, Branch No. 10. In such capacity he was in possession, custody, and control of various quantities of cigarettes, which were the property of the Army Exchange Service. Defendant, after taking the cigarettes mentioned in the first three counts of the indictment, sold and delivered them to a cigar store operator in Mt. Holly, N. J., at prices respectively in excess of the government sale price. After each sale when he returned to the Post Exchange he deposited an amount of money equivalent to the government sale price of the cigarettes in the cash register and retained the overage. He failed to deposit the money for the cigarettes mentioned in the fourth count of the indictment because he was apprehended by the Military Police on December 2, 1944, as he was leaving the Fort Dix Reservation with the cigarettes.

All these facts are admitted by written stipulation between the defendant and the

government and a jury trial was waived in writing.

Defendant's sole defense to the first three counts of the indictment is that he has not defrauded the government of the pecuniary value of the cigarettes.

With respect to the fourth count, the defense is that he intended to put into the cash register of the Post Exchange an amount equivalent to the government sale price of the cigarettes after he had delivered them to his customer.

■■ The defendant bases his contention mainly upon the case of State v. Strasser, 83 N.J.L. 691, 85 A. 227, and also cites State v. Woodward, 99 N.J.L. 49, 122 A. 609; Corbin v. State, 15 Ala.App. 602, 74 So. 729; State of Missouri v. Hurley, Mo., 234 S.W. 820; State v. Redstrake, 39 N.J.L. 365. All have been examined and none discloses a situation similar to the case before us. In this case the defendant had the duty only of delivering merchandise to customers over a counter and to receive the purchase price therefor and place it forthwith in his employer's till. When he removed the merchandise from his employer's place of business to Mt. Holly for sale there to his private profit, his crime under the New Jersey statute was complete.

The authorities all seem to unite in support of the general rule that any subsequent return of the property or its equivalent to the owner does not purge the original offense. Anno.: 57 Am.Dec. 275; 7 Am.St.Rep. 23; 25 Am.St.Rep. 717; 52 L.R.A.,N.S., 1028; Ann.Cas.1916C, 73; 20 C.J. 437, § 22; 29 C.J.S., Embezzlement, § 12, page 689. The intent to fraudulently take and convert the cigarettes of the government cannot be affected by the intent to reimburse the government after the sale. The fraud and crime inhere in the act and would not be eliminated there-from by any mere mental process however amiable or virtuous it may have been.

"Whatever it may be the purpose of the guilty party ultimately to do, the offence prohibited by the statute will already have been consummated whenever, after the commission of all the other acts of which it consists, a fraudulent conversion of property shall have actually taken place." Commonwealth v. Tuckerman, 1857, 10 Gray 173, 76 Mass. 173, 205.

In Hancey v. United States, 10 Cir., 108 F.2d 835, the court in dealing with a similar argument held: "The crime of embezzlement is committed when property belonging to another, rightfully in possession of accused, is feloniously appropriated. Subsequent repayment does not vitiate the crime. The gravamen of the offense is the intent, coupled with its execution. In National Life & Accident Ins. Co. v. Gibson, 101 S.W. 895, 897, 31 Ky.Law Rep. 101, 12 L.R.A.,N.S., 717, 720, the court said: 'The gravamen of the offense is the intent. There must be a criminal intent, but this intent must, of necessity, be gathered from the acts of the agent and the circumstances surrounding the particular case, rather than from his express declarations, and if the agent knowingly appropriates money belonging to his principal to his own use, even though at the time he does so he intends to restore it, it is. nevertheless embezzlement within the spirit as well as the letter of the law, for when one knowingly appropriates money belonging to another to his own private use, the law presumes a criminal intent.'" 108 F.2d at pages 837, 838.

A judgment of guilty as charged on all counts of the indictment will be entered against the defendant and he should be arraigned before this court for sentence on Monday morning, February 4, 1946, at 9:30 o'clock.