# LEE *v.* STATE OF NEW JERSEY.

ERROR TO THE COURT OF ERRORS AND APPEALS OF THE STATE OF NEW JERSEY.

No. 16. Argued October 16, 1907.—Decided October 28, 1907.

A State has power to regulate the oyster industry although carried on under tidal waters in the State.

Although a state statute may be unconstitutional as against a class to which the party complaining does not belong, that fact does not authorize the reversal of a judgment not enforcing the statute so as to deprive that party of any right protected by the Federal Constitution.

Where it appears that a conviction under the New Jersey statute for the protection of the oyster industry depended both in the charge and in the testimony upon the actual illegal use of oyster dredges, and the possible construction of the statute which made it a crime to merely

navigate interstate waters was not essential to the case, no valid constitutional objection can be raised for want of power to pass or enforce the statute.

70 N. J. L. 368, affirmed.

THE facts are stated in the opinion.

*Mr. E. A. Armstrong,* with whom *Mr. William T. Read* was on the brief, for plaintiffs in error:

This act is unconstitutional, in that it discriminates between citizens of the United States and by its terms prohibits citizens from sailing, with oyster-boats equipped for taking oysters in the tidal waters of Delaware Bay, over oyster grounds leased by the oyster commission to another person. In doing so it conflicts with the commerce and navigation clause, section 8, Article I, of the Constitution of the United States. It is also in conflict with the Fourteenth Amendment of the Constitution.

There could be no valid state enactment prohibiting the sailing of a properly equipped oyster-boat anywhere in the tidal waters of the State. The right and power of the State to the oysters and to the tide waters is held subject to the paramount right of navigation, the regulation of which is entirely within the power of the Congress of the United States. *McCready* v. *Virginia,* 94 U. S. 391.

While this statute clearly conflicts with the commerce clause of the Constitution, in that it attempts to regulate what a person may or may not have upon his boat or vessel, it is also contrary to the Fourteenth Amendment, because it restricts a citizen in prosecuting his lawful vocation in a lawful way and making it impossible for one situated like the plaintiffs in error, who owned staked oyster lands, to sail to them in the tidal waters of the United States, because in doing that he would have to sail over the staked lands of other persons. If he could not take his vessel equipped for catching oysters, it would be useless for him to go. Of course he has and must have a lawful right to take upon his own lands any and all

dredges and instruments for catching oysters. In doing this he has a right to use the surface and body of navigable waters for navigating his craft, and any law of the State which tends to restrict, limit, or prevent that right is in conflict with the Constitution of the United States.

*Mr. Nelson B. Gaskill* for defendant in error, with whom *Mr. Robert H. McCarter,* Attorney General of the State of New Jersey, was on the brief.

Mr. Justice Day delivered the opinion of the court.

The plaintiffs in error were convicted in the Court of Quarter Sessions of Cumberland County, New Jersey, at the May term, 1903, of the offense of unlawfully dredging upon certain oyster beds for the purpose of catching oysters, contrary to the statute enacted in that State. This judgment was affirmed in the Court of Errors and Appeals of New Jersey and this writ of error seeks the reversal of that judgment.

Section 20 of the act of 1899, amended, Laws of 1901, p. 307, provides:

"Any person or persons who shall hereafter dredge upon or throw, take or cast his oyster dredge, or any other instrument used for the purpose of catching oysters, upon any oyster bed or ground duly marked, buoyed or staked up within the waters of the Delaware River, Delaware Bay and Maurice River Cove, in this State, belonging to any other person, without the permission of the lessee or lessees thereof, shall be guilty of a misdemeanor and of the violation of the provisions of this act."

It is the contention of the plaintiffs in error that this statute violates the right of free navigation, and undertakes to regulate interstate commerce in violation of section 8, Article I, of the Federal Constitution, and deprives the plaintiff in error of rights secured by the Fourteenth Amendment.

The power of the State to regulate the oyster industry,

although the same is carried on under tidal waters in the State, is not contested, and could not successfully be. *Smith* v. *Maryland*, 18 How. 71; *McCready* v. *Virginia*, 94 U. S. 391; *Manchester* v. *Massachusetts*, 139 U. S. 240.

The objection to the legality of the conviction from the standpoint of rights protected by the Federal Constitution, as urged upon our attention, rests upon the argument that § 20, amended as above quoted, permits the conviction of a person who shall *take* an oyster dredge or other instrument used for the purpose of catching oysters, on any oyster bed or grounds within such navigable waters, thereby abridging and interfering with the right of free commerce with foreign nations, and among the several States. And it is argued that persons sailing over such waters, having an oyster-dredge aboard a boat, might be convicted of thus taking a dredge over such ground, in violation of the statute. Of this contention it is enough to say that in this case no such construction of the statute was made or enforced against the plaintiffs in error. Nor were they convicted because of any such state of facts; and it is well settled in this court that, because a state statute, when enforced in a state court against a class to which the party complaining does not belong, may work a deprivation of constitutional rights, that fact does not authorize the reversal of a judgment of a state court not enforcing the statute so as to deprive the party complaining of rights which are protected by the Federal Constitution. *Hatch* v. *Reardon*, 204 U. S. 152, 160, and cases there cited.

An inspection of this record shows that the count of the indictment under which the plaintiffs in error were convicted charged them with unlawfully dredging, throwing and casting dredges for the purpose of catching oysters upon certain leased lands in violation of the statute.

The testimony offered on the part of the State tends to show that certain dredges were thus thrown and cast for the purpose of catching oysters upon leased lands belonging to one Allen.

On the part of the defense the witnesses testify that the
dredges were not thus cast and used upon the lands in ques-
tion.   There was no pretense in the charge, in the indictment,
or in the testimony offered by the people, that a conviction
could be had for the mere taking of a dredge over the leased
lands.   The conviction depended, both in the charge and in
the testimony, upon establishing the fact that the plaintiffs
in error thus illegally used the dredges.

It is contended that the plaintiffs in error might have been
convicted for the mere sailing over the lands with a dredge
aboard the boat, because of the following language in the court's
charge:

"It then remains to be considered whether or not the de-
fendants on that day dredged or threw, took or cast a dredge
or other instrument used for the purpose of catching oysters
upon that ground.   If you find that they did, then they should
be convicted of illegal dredging, as charged in the first count
of the indictment."

But this excerpt must be read in connection with the rest
of the charge, and it is perfectly apparent that it was not in-
tended that the jury might convict for taking a dredge across
the lands in sailing over them, under an indictment which
made no mention of such taking, but distinctly counted upon
the unlawful throwing and casting of the dredge upon the
leased ground for the purpose of catching oysters.   For imme-
diately following the language quoted the learned judge goes
on to say:

"Now, the State produces, bearing upon that question, the
owner of the ground, and he testifies that on the day named
in the indictment he, aboard of the Golden Light with Captain
Hilton, visited his ground; that as they approached it—you
will recall just how near they placed themselves, from their
testimony—as they approached it they saw these defendants
aboard of a vessel called the Lee maneuvering up and down
this ground, No. 137, section B, of Captain Allen, and heaving
their dredges thereon.   Now, gentlemen, if you believe that

testimony, if you believe that occurred as these witnesses for the State say it occurred, then, regardless of whether or not they got any oysters, if they were throwing their dredges there upon that ground they should be convicted under the first count of this indictment.

\*　　\*　　\*　　\*　　\*　　\*　　\*　　\*

"Now, considering all of this testimony and any other testimony in the case, you ought to determine whether or not the defendants were there heaving their dredges and dredging upon this ground. And in endeavoring to ascertain the truth from this conflicting testimony it is but the dictate of common sense that you should consider whether any of the witnesses have a motive to testify falsely."

It is, therefore, apparent that the possible construction of the statute in such manner as to convict plaintiffs in error of a crime in merely exercising their right to navigate interstate waters was not made essential to the determination of the case.

A conviction was had because of the use of a dredge upon leased lands, in violation of the New Jersey statute for the protection of the oyster industry. Against the statute, as thus enforced, no valid objection can be urged for want of power to pass or enforce it because of rights protected by the Federal Constitution.

Judgment of the Court of Errors and Appeals of New Jersey is

*Affirmed.*