## DARNELL, EXECUTOR, *v.* STATE OF INDIANA.

ERROR TO THE SUPREME COURT OF THE STATE OF INDIANA.

No. 78. Argued December 9, 1912.—Decided December 23, 1912.

The statutes of Indiana taxing all shares in foreign corporations except national banks owned by inhabitants of the State, and all shares in domestic corporations the property whereof is not exempt or taxable to the corporation itself, are not unconstitutional as contrary to the commerce clause of the Federal Constitution.

*Quære,* whether such statutes deny equal protection of the law by discriminating against stock in corporations of other States, especially as to those having property taxed within the State.

One not within the class claimed to be discriminated against cannot raise the question of constitutionality of a statute on the ground that it denies equal protection by such discrimination. *Hatch* v. *Reardon,* 204 U. S. 152, followed, and *Spraigue* v. *Thompson,* 118 U. S. 90, distinguished.

A State may tax the property of domestic corporations and the stock of foreign ones in similar cases. *Kidd* v. *Alabama,* 188 U. S. 730.

174 Indiana, 143, affirmed.

THE facts, which involve the constitutionality under the commerce clause of certain sections of the tax statutes of Indiana, are stated in the opinion.

*Mr. Joseph F. Cowern,* with whom *Mr. Merrill Moores* was on the brief, for plaintiffs in error:

The taxing statutes of Indiana, as construed by the courts of that State, violate the commerce clause of the Federal Constitution.

Shares of stock in a corporation are property. The owner of such shares owns and holds them as property separate and distinct from the capital stock and tangible property of the corporation. *Seward* v. *Rising Sun*, 79 Indiana, 351; *Darnell* v. *State* (Ind.), 90 N. E. Rep. 769; *Hasley* v. *Ensley*, 40 Ind. App. 598; *Bank of Commerce* v. *Tennessee*, 161 U. S. 134, 146; *Farrington* v. *Tennessee*, 95 U. S. 679, 687.

As such shares have a value independent of the party owning them and are transported, held, bought, sold and taxed like other property, they are subjects of interstate commerce. Cases *supra* and *Paul* v. *Virginia*, 8 Wall. 168; *People* v. *Reardon*, 184 N. Y. 431; aff'd 204 U. S. 152; *Champion* v. *Ames*, 188 U. S. 321; *International Text Book Co.* v. *Pigg*, 217 U. S. 91.

When the statute of a State, as construed by the courts of that State, places a greater or more onerous burden upon property coming from a foreign State than is imposed upon like property of domestic origin, it is void, in so far as it discriminates, because in conflict with the commerce clause of the Constitution of the United States. *Darnell* v. *Memphis*, 208 U. S. 113; *Webber* v. *Virginia*, 103 U. S. 344; *Guy* v. *Baltimore*, 100 U. S. 434; *Walling* v. *Michigan*, 116 U. S. 446, 691.

The protection afforded by the commerce clause of the Constitution is not withdrawn or suspended after the property of foreign origin has acquired a permanent situs in the State and is commingled with and merged into the general mass of property therein. It continues "until the commodity has ceased to be the subject of discriminating legislation by reason of its foreign character. *Welton* v. *Missouri*, 91 U. S. 275; *Darnell* v. *Memphis*, 208 U. S. 113.

The powers granted to the Federal Government and the corresponding limitation of the powers of the various States are not confined to the instrumentalities of commerce known or in use when the Constitution was adopted. They keep pace with the progress of the country and adapt themselves to the new developments of time and circumstances. *Pensacola Co.* v. *West. Un. Tel. Co.*, 96 U. S. 1.

The commerce clause was made a part of the Constitution to insure, as nearly as was consistent with the reserved police powers of the States, absolute freedom of commercial intercourse within the boundaries of the United States. Under it the States are powerless to avail themselves of the protective principle or theory, directly or indirectly. *Gibbons* v. *Ogden*, 9 Wheat. 1; *Guy* v. *Baltimore*, 100 U. S. 434; *Cook* v. *Marshall County*, 196 U. S. 261; *Webber* v. *Virginia*, 103 U. S. 344; *Walling* v. *Michigan*, 116 U. S. 446; *Brown* v. *Houston*, 114 U. S. 622.

As the taxing statutes of Indiana as construed by her courts require all shares of stock in foreign corporations to be listed for taxation, while exempting from taxation like shares of stock in domestic corporations, they violate the commerce clause of the Constitution of the United States. See cases *supra*.

The Supreme Court of Indiana has practically admitted that the taxing statutes of that State were so framed as to call into play the protective theory. *Cook* v. *Board* (Ind.), 92 N. E. Rep. 876; *Hasley* v. *Ensley*, 40 Ind. App. 598.

The mere fact that when a domestic corporation goes into another State and establishes an industry the law requires the stockholders in such corporation to list their stock for taxation, does not disprove the charge of discrimination.

The taxing statutes of Indiana, as construed by the courts of that State, violate the Fourteenth Amendment.

While the equal protection clause of the Constitution permits classification for purposes of taxation, it forbids an arbitrary classification—a classification without substantial basis. Like property under like circumstances and conditions must be treated alike, both in the privileges conferred and the liabilities imposed. Where an act of the legislature discriminates, it is void to that extent. *Southern Ry. Co.* v. *Greene,* 216 U. S. 400; *Connolly* v. *Union Sewer Pipe Co.,* 184 U. S. 540; *Barbier* v. *Connolly,* 113 U. S. 27, 31; *Home Ins. Co.* v. *New York,* 134 U. S. 594. *Kidd* v. *Alabama,* 188 U. S. 730, and *Wright* v. *Louisville &c. Ry. Co.,* 195 U. S. 219, distinguished. In those cases stock in foreign corporations was not required to be listed for taxation if the foreign corporation was doing business and was taxed in the State whose statute was attacked, and it appears that in Indiana the manifest intent and purpose of the act is the development of home industries, not by legitimate inducements, but by discrimination carried so far as to even penalize the owners of stock in domestic corporations when such corporations go out of the State to do business.

*Mr. Morton Sevier Hawkins,* with whom *Mr. Thomas M. Honan, Attorney General of Indiana, Mr. James E. McCullough, Mr. Edward B. Raub* and *Mr. Martin M. Hugg* were on the brief, for defendant in error:

The statutes of Indiana taxing shares of stock in a foreign corporation held by a resident of Indiana do not violate the commerce clause of the Constitution.

A State has jurisdiction of all persons and things which do not belong to some other jurisdiction, such as the representatives of foreign governments, with their houses and effects, and property belonging to or in use by the United States, and such State may tax, as part of their general estate attached to their persons, its residents for personal property owned by them but situated within

another State, even though the latter State also taxes such property. *Coe* v. *Errol*, 116 U. S. 517, 524; *Bonaparte* v. *Tax Court*, 104 U. S. 592.

In cases of intangible personal property the tendency of modern authorities is to apply the maxim *mobilia sequuntur personam*, and to hold that such property may be taxed at the domicile of the owner as the real situs of the property. *Union Transit Co.* v. *Kentucky*, 199 U. S. 194, 205.

A tax in one State is no tax in another. *Wright* v. *L. & N. R. R. Co.*, 195 U. S. 219, 222; *Kidd* v. *Alabama*, 188 U. S. 730, 733.

In corporations four elements of taxable value are sometimes found: 1, franchises; 2, capital stock in the hands of the corporation; 3, corporate property; and, 4, shares of the capital stock in the hands of the individual stockholders. *Tennessee* v. *Whitworth*, 117 U. S. 129, 136; *New Orleans* v. *Houston*, 119 U. S. 265, 277; *Bank of Commerce* v. *Tennessee*, 161 U. S. 134, 146; *National Bank* v. *Owensboro*, 173 U. S. 644, 682.

The capital stock of a corporation is separable from the property of the corporation and the stockholders may be taxed upon their stock as for any other property they may own. *Gordon* v. *Appeal Tax Court*, 3 How. 133, 150; *Sturges* v. *Carter*, 114 U. S. 511, 521.

Shares of stock in a corporation follow the domicile of the owner like other personal property. 1 Cooley on Taxation (3d ed.), 86; 2 Cook on Corporations, § 565; *San Francisco* v. *Fry*, 67 California, 470; *Hart* v. *Smith*, 159 Indiana, 182, 193; *Greenleaf* v. *Board*, 184 Illinois, 226, and see *Kirtland* v. *Hotchkiss*, 100 U. S. 491, 499.

Bonds secured by mortgage held by a non-resident of the State in which the mortgaged property is situate are personal property and follow the domicile of the owners. *State Tax on Foreign-Held Bonds*, 15 Wall. 300, 323.

A tax on the property of a corporation is not a tax upon

its capital stock. *Van Allen* v. *The Assessors,* 3 Wall. 573, 583.

The owner of shares of stock in a corporation may dispose of them at his pleasure and in so doing works no change or modification in the title of the corporate property. *Judy* v. *Beckwith* (Iowa), 114 N. W. Rep. 565; *Bradley* v. *Bauder,* 36 Oh. St. 28.

The taxation by one State of shares of stock in a corporation of another State owned by a resident of the former State is a matter of policy for the legislature to determine in the absence of constitutional prohibition. *Kirtland* v. *Hotchkiss,* 100 U. S. 491, 499; *Bacon* v. *Board &c.,* 126 Michigan, 22–26; *Greenleaf* v. *Board,* 184 Illinois, 226.

Indiana taxed the shares because they were owned by one of its residents and within its jurisdiction, not because they were employed in interstate commerce. *Pullman's Car Co.* v. *Pennsylvania,* 141 U. S. 18, 25.

The owner of the stocks taxed was not engaged in commerce between the States; his shares of stock were not in transit between or through any of the States; he had not gone into Indiana to sell his shares; and therefore the shares were not interstate commerce. *Hatch* v. *Reardon,* 204 U. S. 152; *New York* v. *Roberts,* 171 U. S. 658, 664.

Deposits and debts in one State owing to a resident of another State which are delayed within the jurisdiction of the former State an indefinite time are not *in transitu* so as to withdraw them from the taxing power of such State. *Blackstone* v. *Miller,* 188 U. S. 189, 203; *Nathan* v. *Louisiana,* 8 How. 73, 80; *Pittsburg &c. Coal Co.* v. *Bates,* 156 U. S. 577, 589; *Brown* v. *Houston,* 114 U. S. 622, 633.

It is not a violation of the interstate commerce clause of the Constitution for a State to tax her resident citizens for debts held by them against non-residents. *Kirtland* v. *Hotchkiss,* 100 U. S. 491, 499; *Am. Steel Co.* v. *Speed,* 192 U. S. 500, 521.

The fact that an article is manufactured for export to another State does not of itself make it an article of interstate commerce, and the intent of the manufacturer does not determine when the article or product passes from the control of the State and belongs to commerce. *United States* v. *E. C. Knight Co.*, 156 U: S. 1, 13.

The taxing statutes of Indiana did not deny the owner of these stocks the equal protection of its laws in contravention of the Fourteenth Amendment.

The rule of equality, in respect to the subject, only required the same means to be applied impartially to all the constituents of each class, so that the law shall operate equally and uniformly upon all persons in similar circumstances. *Kentucky Railroad Tax Cases*, 115 U. S. 321, 337; *Home Ins. Co.* v. *New York*, 134 U. S. 594, 606; *Southwestern Oil Co.* v. *Texas*, 217 U. S. 114, 126.

Under a state law imposing a transfer tax upon personal property within the State belonging to a nonresident at the time of his death, such transfer tax may be levied upon debts and deposits owing to such decedent by citizens of that State, and such transfer tax does not deprive the executrix and legatees of such decedent of any of the privileges and immunities of the citizens of that State. *Blackstone* v. *Miller*, 188 U. S. 189–207.

The taxation by one State of shares of stock owned by a resident in a corporation of another State, when the property of the corporation is taxed in the State in which it is incorporated and does business, is not double taxation. *Sturges* v. *Carter*, 114 U. S. 511–521; *New Orleans* v. *Houston*, 119 U. S. 265, 277; *S. C.*, 63 California, 470, 471; *Porter* v. *Rockford &c. R. Co.*, 76 Illinois, 561, 566; *Greenleaf* v. *Board*, 184 Illinois, 226; *Thrall* v. *Guiney*, 141 Michigan, 392, 396; *Judy* v. *Beckwith*, 114 N. W. Rep. 565.

To be double taxation the same State must tax the corporation for its property and also tax its shares in the

hands of the owners. Cases *supra* and *Bradley* v. *Bauder*, 36 Oh. St. 28, 35.

A tax may lawfully be levied on the shares of a foreign corporation held and owned by a resident of the State which imposes the tax. Cases *supra* and *Kidd* v. *Alabama*, 188 U. S. 730; Cooley on Taxation (3d ed.), 86; *Bacon* v. *Board*, 126 Michigan, 22; *San Francisco* v. *Fry*, 63 California, 470; *Stanford* v. *San Francisco*, 131 California, 34; *Newark City Bank* v. *Assessor*, 30 N. J. L. 13, 20; *Wright* v. *Louis. & Nash. R. R. Co.*, 195 U. S. 219; *Kirtland* v. *Hotchkiss*, 100 U. S. 491, 499; *Commonwealth* v. *Lowell*, 101 S. W. Rep. 970.

Whether a State shall measure the contribution which persons resident within its jurisdiction shall make by way of taxes, in return for the protection it affords them, by the value of the credits, choses in action, bonds, or stocks which they may own (other than such as are exempted or protected under the Constitution and laws of the United States), is a matter which concerns only the people of that State, with which the Federal Government cannot rightly interfere. *Kirtland* v. *Hotchkiss*, 100 U. S. 491, 499; *Liverpool &c. Ins. Co.* v. *Orleans Assessors*, 221 U. S. 346, 356.

MR. JUSTICE HOLMES delivered the opinion of the court.

This is an action brought by the State of Indiana for taxes on stock of a Tennessee corporation owned by the principal defendant. The Indiana statutes purport to tax all shares in foreign corporations except national banks owned by inhabitants of the State, and all shares in domestic corporations when the property of such corporations is not exempt or is not taxable to the corporation itself. If the value of the stock exceeds that of the tangible taxable property this excess also is taxed. Burns' Indiana Stats., 1908, §§ 10143, 10233, 10234. The declaration was demurred to on the ground that the statutes were contrary to the commerce clause, Art. I, § 8, and

the Fourteenth Amendment of the Constitution of the United States. Judgment was entered for the plaintiff, 174 Indiana, 143, and a writ of error was allowed.

The case is pretty nearly disposed of by *Kidd* v. *Alabama*, 188 U. S. 730, where the real matter of complaint, that the property of the corporation presumably is taxed in Tennessee, is answered. See also *Wright* v. *Louisville & Nashville R. R. Co.*, 195 U. S. 219, 222. But it is said that the former decision does not deal with the objection that the statutes work a discrimination against stock in corporations of other States contrary to principles often recognized. *I. M. Darnell & Son Co.* v. *Memphis*, 208 U. S. 113. The most serious aspect of this objection is that the statutes of Indiana do not make allowance if a foreign corporation has property taxed within the State. But as to this it is enough to say that, however the statutes may be construed in a case of that sort, the plaintiffs in error do not show that it is theirs, and that as they do not belong to the class for whose sake the constitutional protection would be given, if it would, they cannot complain on that ground. *Smiley* v. *Kansas*, 196 U. S. 447, 457. *Hatch* v. *Reardon*, 204 U. S. 152, 160. If *Spraigue* v. *Thompson*, 118 U. S. 90, contains an intimation contrary to this rule, the decision was supported on other grounds, and the rule no longer is open to dispute. *Lee* v. *New Jersey*, 207 U. S. 67, 70. *Southern Ry. Co.* v. *King*, 217 U. S. 524, 534. *Lindsley* v. *Natural Carbonic Gas Co.*, 220 U. S. 61, 77, 78. *Yazoo & Mississippi Valley R. R. Co.* v. *Jackson Vinegar Co.*, *ante*, p. 217.

The only difference of treatment disclosed by the record that concerns the defendants is that the State taxes the property of domestic corporations and the stock of foreign ones in similar cases. That this is consistent with substantial equality notwithstanding the technical differences was decided in *Kidd* v. *Alabama*, 188 U. S. 730, 732.

*Judgment affirmed.*