## COURT OF APPEALS.

### January 8, 1918.

## THE PEOPLE v. MARGARET H. SANGER.

(222 N. Y. 192.)

1. CONSTITUTIONAL LAW—ONLY PERSON ACCUSED CAN PLEAD UNCONSTITU-
    TIONALITY OF A LAW.

    The general rule applies in a criminal as well as a civil case that no
    one can plead the unconstitutionality of a law except the person affected
    thereby.
2. SAME—PENAL LAW, § 1142—DISSEMINATION OF INFORMATION FOR PRE-
    VENTION OF CONCEPTION.*

    The provision of section 1142 of the Penal Law, which makes it a mis-
    demeanor to sell, advertise or give information for the prevention of
    conception, does not violate the Constitution.

    People v. Sanger, 179 App. Div. 939, affirmed.

APPEAL from a judgment of the Appellate Division of the
Supreme Court in the second judicial department, entered July
31, 1917, which affirmed a judgment of the Court of Special
Sessions of the city of New York convicting the defendant of a
violation of section 1142 of the Penal Law.

The facts, so far as material, are stated in the opinion.

*Jonah J. Goldstein* for appellant. Section 1142 violates both
the Federal and State Constitutions, as to individual liberty,
because of its failure of regulation. It establishes an absolute
inhibition of the dissemination of information to all persons,
in that it fails to make provision for cases of women who suffer
from certain infirmities, whereby the statute endangers their
lives and brings about a condition injurious to their health.

* See Halstead v. Nelson (1885), 36 Hun, 149; People v. Byrne, 99 Misc.
1; Id. 163 N. Y. Supp. 680.

The inhibition precludes physicians from giving any information even where conception would make pregnancy dangerous or fatal. (Fisher v. Woods, 187 N. Y. 90; Barry v., Vil. of Port Jervis, 72 N. Y. Supp. 120.)

*Harry E. Lewis, District Attorney (Harry G. Anderson* of counsel), for respondent. Section 1142 of the Penal Law is constitutional. (People v. Fegelli, 163 App. Div. 576, 214 N. Y. 610; N. S. Bank v. Haskell, 219 U. S. 104; People v. Byrne, 99 Misc. Rep. 1; M. P. Co. v. Bell, 179 App. Div. 13; Ackley v. United States, 200 Fed. Rep. 217; Viemeister v. White, 179 N. Y. 235; People ex rel. Nechamcus v. Warden, 144 N. Y. 529; Armour v. North Dakota, 240 U. S. 510; Bertholf v. O'Reilly, 74 N. Y. 509; Bank of Chenango v. Brown, 26 N. Y. 467.)

CRANE, J.:

Section 1142 of the Penal Law, among other things, makes it a misdemeanor for a person to sell, or give away, or to advertise or offer for sale, any instrument or article, drug or medicine, for the prevention of conception; or to give information orally, stating when, where or how such an instrument, article or medicine can be purchased or obtained.

The appellant was convicted in the Court of Special Sessions of the city of New York, borough of Brooklyn, for a violation of this section, and sentenced to thirty days in the workhouse. She claims that the law is unconstitutional.

Some of the reasons assigned below for the illegality of this act have now been abandoned and it is conceded to be within the police power of the Legislature, for the benefit of the morals and health of the community, to make such a law as this applicable to unmarried persons. But it is argued that if this law be broad enough to prevent a duly licensed physician from giving advice and help to his married patients in a proper case, it

is an unreasonable police regulation, and, therefore, unconstitutional. There are two answers to his suggestion.

In the first place, the defendant is not a physician, and the general rule applies in a criminal as well as a civil case that no one can plead the unconstitutionality of a law except the person affected thereby. (Collins v. State of Texas, 223 U. S. 288, 296; People v. McBride, 234 Ill. 146, 164; Isenhour v. State, 157 Ind. 517, 520; State v. Haskell, 84 Vt. 429, 441; Commissioners of Franklin Co. v. State ex rel. Patton, 24 Fla. 55.)

Secondly, by section 1145 of the Penal Law, physicians are excepted from the provisions of this act under circumstances therein mentioned. This section reads: "An article or instrument, used or applied by physicians lawfully practicing, or by their direction or prescription, for the cure or prevention of disease, is not an article of indecent or immoral nature or use, within this article. The supplying of such articles to such physicians or by their direction or prescription, is not an offense under this article."

This exception in behalf of physicians does not permit advertisements regarding such matters, nor promiscuous advice to patients irrespective of their condition, but it is broad enough to protect the physician who in good faith gives such help or advice to a married person to cure or prevent disease. "Disease," by Webster's International Dictionary, is defined to be "an alteration in the state of the body, or of some of its organs, interrupting or disturbing the performance of the vital functions, and causing or threatening pain and sickness; illness; sickness; disorder."

The protection thus afforded the physician would also extend to the druggist, or vendor, acting upon the physician's prescription or order.

Much of the argument presented to us by the appellant touching social conditions and sociological questions are matters for the Legislature and not for the courts.

The judgment appealed from should be affirmed.

HISCOCK, Ch. J., CHASE, COLLIN, CARDOZO and ANDREWS, JJ., concur; HOGAN, J., concurs in result.

Judgment affirmed.