LANG'S CREAMERY, INC., Appellant, *v.* CITY OF NIAGARA FALLS et al., Respondents.

(Argued June 5, 1929; decided July 11, 1929.)

*Robert J. Moore* for appellant. Plaintiff has adopted the proper remedy. (*Ex parte Young,* 209 U. S. 123; *Dobbins* v. *Los Angeles,* 195 U. S. 223; *Yee Gee* v. *San Francisco,* 235 Fed. Rep. 757; *Truax* v. *Raich,* 239 U. S. 33; *Municipal Gas Co.* v. *Pub. Serv. Com.,* 225 N. Y. 89; *Buffalo Gravel Corp.* v. *Moore,* 201 App. Div. 242; *Star Co.* v. *Brush,* 103 Misc. Rep. 631; 104 id. 404; 185 App. Div. 261; *Buffalo Fertilizer Co.* v. *Town of Cheektowaga,* 61 Misc. Rep. 404; *United Traction Co.* v. *City of Watervliet,* 35 Misc. Rep. 392.)

*George W. Knox* for respondents. Plaintiff's contention that it has resorted to its proper remedy has not been sustained. (*Marvin Safe Co.* v. *Mayor, etc., of New York,* 38 Hun, 148; *Coykendall* v. *Hood,* 36 App. Div. 558; *Lee* v. *O'Malley,* 140 App. Div. 592; *Pond* v. *Harwood,* 139 N. Y. 111; *West* v. *Mayor, etc., of N. Y.,* 10 Paige Ch. 539; *Wallack* v. *Society for Reformation of Juvenile Delinquents,* 67 N. Y. 28; *Wolfe* v. *Burke,* 56 N. Y. 115; *Eldridge* v. *Hill,* 2 Johns. Ch. 281; *Shulz* v. *Albany,* 42 App. Div. 437; *Buffalo Gravel Corp.* v. *Moore,* 201 App. Div. 242; *Davis* v. *American Society,* 75 N. Y. 363.)

*Per Curiam.* The city of Niagara Falls has a milk ordinance, the validity of which is not challenged in this action, which provides that no one shall sell milk in the city without obtaining a permit or license from the Health Officer, renewable annually, which shall be applied for in writing, stating the sources of applicant's milk supply. On such an application the Health Officer shall inspect such sources of supply " having in view the protection of the public health." If he is satisfied that the applicant has fully complied with the regulations, a milk dealer's permit shall be issued to the applicant.

In the year 1921, section 13-a was added to the milk ordinance. It provides: " No milk or cream shall be sold or offered for sale as ' pasteurized ' milk or cream unless the same shall have been ' pasteurized ' within the limits of Niagara Falls."

Pasteurization is a simple process devised by Pasteur for preventing or checking fermentation in milk or other fluids by exposure to a temperature of about 145 degrees Fahrenheit. Milk thus pasteurized and cooled and protected against subsequent contamination or deterioration may be used with confidence that it has been rendered safe as regards pathogenic bacteria, without serious injury to any of the normal constituents of the milk itself.

Any other pure and wholesome milk, raw or pasteurized,

may be sold in the city of Niagara Falls by a licensed dealer without express restrictions upon the source of origin.

Plaintiff is a domestic corporation which pasteurizes milk in the city of Buffalo where it maintains a pasteurizing plant. It bottles its product and desires to sell the bottled product in the city of Niagara Falls. It has not applied for a license to sell milk in Niagara Falls because it has been informed by the city officials that the ordinance will be enforced against it. It challenges the validity of this ordinance as an unreasonable exercise of the power of the city, under General City Law (Cons. Laws, ch. 21; art. 2-A [Home Rule Act], § 20, subd. 13) to regulate and license occupations and businesses so as to preserve and care for the health of the inhabitants of the city and visitors thereto and as an arbitrary discrimination against out-of-town dealers in pasteurized milk. It brings this action to restrain the city and its officials from enforcing its ordinance or interfering with the sale in the city by it of pure pasteurized milk and cream.

Defendants not only assert the reasonableness of the ordinance but put in issue the allegations of the complaint that plaintiff maintains a proper plant in Buffalo; assert that plaintiff violates the regulations of the State Department of Health in many particulars in maintaining its plant and that it would not be entitled to a milk license in any event.

On the trial, the official referee held that the ordinance was an invalid exercise of municipal power and made findings of fact to the effect that plaintiff met all the requirements of the health laws of the State of New York, and of the State Health Department and of the ordinances and regulations of the health departments of the municipalities in which it sells its pasteurized milk products.

The Appellate Division not only upheld the ordinance as a valid exercise of municipal power but also reversed the findings of fact and made new findings to the effect

that plaintiff has failed to establish that if the bar of the pasteurization ordinance were removed, it would have a right to a permit to sell its milk in the city of Niagara Falls. The reversal was on the law and the facts and the evidence sustains such findings. The plaintiff, although it litigated these questions on the trial, now maintains that these findings are irrelevant and not proper subjects of inquiry until it makes its application for a permit to sell milk in the city of Niagara Falls. It argues that if milk is bottled after pasteurization and thus protected from contamination, no reason connected with the protection of the public health can be given why it should be pasteurized in the city of Niagara Falls; that it would be better for sanitary purposes to have it properly pasteurized at the point of origin if it could be delivered promptly thereafter than to have it exposed to deterioration by being shipped into the city for the purpose of pasteurization and that the only purpose and effect of the ordinance are to discriminate in favor of local dealers in milk.

The Sanitary Code of New York provides only that pasteurized milk shall be delivered to the customers within thirty-six hours after pasteurization. Doubtless much may be said against the reasonableness and fairness of the ordinance as a health regulation. On the other hand, the local authorities are allowed a wide latitude in adopting regulations directly affecting the health of the city. The question must be regarded as an open one in this court.

However, on the facts as found by the Appellate Division, which are sustained by the evidence for the defendants, and in some respects not denied by the plaintiff, the plaintiff is not in a position to question the validity of the ordinance in this action. It should apply to the local authorities for a license or permit to sell its milk products. If such application is unreasonably refused, it would then have a remedy through

mandamus to right the wrong that it has suffered. (*People ex rel. Lodes* v. *Dept. of Health,* 189 N. Y. 187.) In such proceedings the validity of the ordinance would be subject to attack. If, however, on such an application, it did not appear that its pasteurization plant was properly conducted and its sources of milk supply were sanitary, the license might reasonably be refused without regard to the validity of the ordinance.

Plaintiff is now in the position of one who seeks a determination that a statute is unconstitutional without showing that his rights are affected thereby. (*People* v. *Sanger,* 222 N. Y. 192, 194; *People ex rel. Durham R. Corp.* v. *La Fetra,* 230 N. Y. 429, 440.) It has no standing in court to raise the question until it establishes that it is directly affected by the enforcement of the ordinance.

The judgment should be affirmed, with costs.

CARDOZO, Ch. J., POUND, CRANE, LEHMAN, KELLOGG and O'BRIEN, JJ., concur; HUBBS, J., not sitting.

Judgment affirmed.