## HART v. VIRGINIA.

No. 857.   Jurisdictional statement distributed March 28, 1936.—
Decided April 13, 1936.

*Mr. S. H. Bond* for appellant.

*Mr. Abram P. Staples,* Attorney General of Virginia, for appellee.

PER CURIAM.

Appellant, a convict, was convicted of the felonious killing of one Alton Leonard, a prison guard, in whose custody appellant was working.   The jury fixed his punishment at death.   The conviction and sentence were pursuant to §§ 5049 and 5051 of the Virginia Code, 1930, providing, so far as pertinent, as follows:

"§ 5049.   A convict confined in the penitentiary, or in custody of an officer, shall be deemed guilty of felony if he kill, wound, or inflict other bodily injury upon an officer or guard of the penitentiary;   . . ."

"§ 5051.   A convict guilty of such killing as is mentioned in section five thousand and forty-nine, or of any act therein mentioned, from which death ensues to such officer or guard, shall be punished with death."

Appellant challenged these provisions as being repugnant to the due process and equal protection clauses

of the Fourteenth Amendment of the Federal Constitution. His main contentions were that the statute was so broad as to embrace excusable homicide and that, as a convict he was deprived of the equal protection of the laws relating to murder and manslaughter.

We take the statute as construed by the state court and applied in the instant case. Appellant defended the killing of Leonard upon the ground of self-defense. The evidence in support of that defense, with all the circumstances of the case, was submitted to the jury under appropriate instructions which recognized the admissibility of the defense under the statute. The trial court, defining with care the right of self-defense, charged the jury that if appellant had acted in the exercise of that right, the jury should find him not guilty. The Supreme Court of Appeals refused to review the judgment upon the ground that it was "plainly right."

As we find no substantial federal question presented, the appeal is dismissed for the want of jurisdiction. (1) *Lee* v. *New Jersey,* 207 U. S. 67, 70; *Hatch* v. *Reardon,* 204 U. S. 152, 160; *Fox* v. *Washington,* 236 U. S. 273, 277; (2) *Graham* v. *West Virginia,* 224 U. S. 616, 630; *Lindsley* v. *Natural Carbonic Gas Co.,* 220 U. S. 61, 78, 79; *Price* v. *Illinois,* 238 U. S. 446, 453.

*Dismissed.*