60 So.2d 474

**CONNOR v. CITY OF BIRMINGHAM.**

**6 Div. 555.**

Court of Appeals of Alabama.

June 10, 1952.

Rehearing Denied June 30, 1952.

Graham, Bibb, Wingo & Foster and Gibson & Gibson, Birmingham, for appellant.

J. Reese Johnston, Jr., and Chas. H. Brown, Birmingham, for appellee.

HARWOOD, Judge.

On his appeal from a conviction in the Recorders Court of the City of Birmingham this appellant was tried on a complaint containing four counts.

Count 1, omitting the formal parts, charged that the appellant "did occupy jointly and privately a hotel room with a person of the opposite sex, other than his wife or parent or minor child, contrary to and in violation of Section 686 of the General City Code of Birmingham of 1944."

Count 2 charges that appellant attempted to have sexual intercourse in a hotel room with a person other than his lawful wedded wife, while count 3 charges that he did have such intercourse. Count 4 charges a breach of the peace.

The appellant's jury trial resulted in a verdict of guilty as charged in count 1 of the complaint. This verdict by the jury worked an automatic acquittal under counts 2, 3, and 4. We are therefore on this appeal concerned only with the joint occupancy ordinance. (Section 686, supra.)

Section 686 contains two paragraphs. The first paragraph relates only to the duties of the managers of hotels, lodging houses, and tourist homes, and has no relation to this case.

The second paragraph of Section 686 reads as follows:

"It shall be unlawful for any two persons of opposite sex, except husband and wife or parent and minor child, to occupy jointly and privately any room in any lodging house, hotel or tourist home in the city."

The appellant interposed a demurrer to complaint, and to each count thereof separately and severally. Numerous grounds of the demurrer appropriately questioned the constitutional validity of Section 686, supra.

The court overruled the demurrer. This action by the court, in so far as it sustained the validity of Section 686, supra, presents the only material issue on this appeal.

In Hurvich v. City of Birmingham, 35 Ala.App. 341, 46 So.2d 577, 579, we made the following observations relative to the general principles which should guide a court in considering the constitutional validity of a city ordinance passed under the police powers inhering in the governing body of a municipality:

"A municipal corporation is but a creature of the State, existing under and by virtue of authority and power granted by the State. As an inherent part of such granted power municipalities exercise police powers in regulating the lives and affairs of its citizens. Courts are reluctant to interfere with the wide discretion vested in municipal authorities in enacting ordinances for public welfare. The necessity and propriety of a particular ordinance is primarily one for determination by the municipal governing body. Yet the duty rests upon the courts to determine the reasonableness of such enactments.

\* \* \* \* \* \*

"Despite the broad discretion accorded municipal governing bodies in promulgating ordinances under their police powers and the presumption of validity attaching to such acts, such power is not absolute. It is not to be exercised capriciously, but with regard to the circumstances, and must be reasonably related to the object sought to be accomplished.

"Clearly the ordinance in question was aimed at the evil of gambling, the suppression of which would undoubtedly redound to the good of the citizens of any municipality. Such desired end should not, however, justify an ordinance so broad in terms that it is in effect a legal scatter loan. The innocent as well as the guilty may well be hit."

In the fairly recent case of Kahalley v. State, 254 Ala. 482, 48 So.2d 794, 795, our Supreme Court had before it a statute at-

tempting to suppress offenders commonly called "peeping toms."

The statute was held invalid as violative of Amendment 14 of the Constitution of the United States. In so holding, Justice Simpson enunciated the following doctrines:

"The act is so vague and uncertain as to be violative of the Fourteenth Amendment to the Federal Constitution. It is arbitrary and fixes no ascertainable standard whereby the public may be governed. It marks no line between lawfulness and criminality, condemning all acts alike of the kind specified and as applied, would affect innocent beings in the ordinary pursuits of life. It leaves open the widest conceivable inquiry, the scope of which no one could foresee and the results of which no one could foreshadow and adequately guard against.

"In enacting a criminal statute, there is an obligation on the State to so frame it that those who are to administer it and those to whom it is to be administered may know what standard of conduct is intended to be required and legislation may run afoul of the due process clause because of a failure to set up any sufficient guidance to those who would be law-abiding, or to advise a defendant of the nature and cause of an accusation he is called on to answer, or to guide the courts in the Law's enforcement. Musser v. Utah, 333 U.S. 95, 97, 68 S.Ct. 397, 92 L.Ed. 562; Winters v. New York, 333 U.S. 507, 68 S.Ct. 665, 92 L.Ed. 840; Cline v. Frink Dairy Co., 274 U.S. 445, 47 S.Ct. 681, 71 L.Ed. 1146; Connally v. General Construction Co., 269 U.S. 385, 46 S.Ct. 126, 70 L.Ed. 322; Champlin Refining Co. v. Corporation Commission, 286 U.S. 210, 52 S.Ct. 559, 76 L.Ed. 1062; Stromberg v. California, 283 U.S. 359, 51 S.Ct. 532, 75 L.Ed. 1117; United States v. L. Cohen Grocery Co., 255 U.S. 81, 89, 41 S.Ct. 298, 65 L.Ed. 516; A. B. Small Co. v. American Sugar Refining Co., 267 U.S. 233, 239, 45 S.Ct. 295, 69 L.Ed. 589; Smith v. Cahoon, 283 U.S. 553, 564, 51 S.Ct. 582, 75 L.Ed. 1264; State v. Goldstein, 207 Ala. 569, 93 So. 308; Woco Pep Co. v. City of Montgomery, 213 Ala. 452, 105 So. 214.

"A cursory inspection of the act, we think, will point up its deficiencies. Undoubtedly it was intended to serve a useful purpose and to bring to justice so-called "Peeping Toms." But, regrettably, the act sweeps within its influence conduct neither evil in nature nor detrimental to the public interest, which could not be proscribed as criminal. Many innocent situations might be conceived, such as the postman, endeavoring to deliver a letter or package, gazing or peeping in the window or door to see if anyone is at home; the iceman, seeking to deliver the ice at the back door, looks in to see if anyone is there; the laundryman or salesman or anyone going to a home not his own or under his control, whether to transact business or on a social visit, gazes in; or one gazing or peeping, or we might say looking, into a lighted window at night as he passes close by the house along the sidewalk; or one trying to be a good neighbor when he sees smoke or suspects fire or hears a scream or cry in the adjoining house, peeps in to see if help is needed; and so on ad infinitum, all of which acts and conduct could be brought within the punitive ban of this penal statute. It must be manifest that, as written, it could be an instrument of oppression and a tool of tyranny and is of that character of legislation that has been condemned as repugnant to the Fourteenth Amendment.

"When a statute uses words of no determinative meaning *and the language is so vague and indefinite not only as to punish acts clearly punishable, but conduct which cannot be punished, it will be declared void, for uncertainty. A state must so write its penal statutes as to be not so vague and indefinite as to permit the punishment of innocent acts and conduct which are a part of the right of every citizen to pursue,*

as well as acts evil in nature and affected with the public interest. Stromberg v. California, supra; State v. Goldstein, supra; State v. Diamond, 27 N.M. 477, 202 P. 988, 20 A.L.R. 1527; State v. Lantz, 90 W.Va. 738, 111 S.E. 766, 26 A.L.R. 894; Lanzetta v. State of New Jersey, 306 U.S. 451, 59 S.Ct. 618, 83 L.Ed. 888; 14 Am. Jur., §§ 19, 22, 28, pp. 773 et seq.; cases cited supra.

"The applicable law is thus stated in the leading case of Connally v. General Construction Co., supra: 'That the terms of a penal statute creating a new offense must be sufficiently explicit to inform those who are subject to it what conduct on their part will render them liable to its penalties is a well-recognized requirement, consonant alike with ordinary notions of fair play and the settled rules of law; and a statute which either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application violates the first essential of due process of law. * * *' 46 S.Ct. 127." (Italics ours).

Considering section 686, supra, it first strikes one reading the ordinance that it is entirely silent as to the unlawfulness of the purpose for which any room of a hotel, tourist home or lodging house, might be privately occupied by two persons of the opposite sex (other than husband and wife or parent and minor child), but on the other hand its wording embraces all such occupancies regardless of the innocence of the purpose of the presence in such room.

Under the terms of the ordinance, assuming the parties to be adults, it would be unlawful for any parent to visit a hotel room of his or her adult child of opposite sex; for brother to visit sister; a salesman or saleswoman could not lawfully show wares to a prospective buyer of opposite sex, unless the door of the sample room be left open, or other persons be requested to attend as chaperones; since the ordinance applies to any room in a hotel it would seem that even the manager

or other official of a hotel would be within the operation of the ordinance if he went into his private office with a secretary of opposite sex for the purpose of carrying on the business of the hotel.

These are only a very few of the innumerable and obvious situations that fall within the limitless range of this ordinance as it was written. Illegality cannot be made to attach to such lawful conduct by arbitrary fiat. A presumption of innocence is as precious in judging ordinary conduct as it is in a criminal trial.

Nor can we presume that the ordinance will be invoked only in cases where the occupancy of a hotel room by two people of opposite sex is for immoral purposes. To so limit the ordinance, where no such limitation appears therein, would be to make a new law, and not to enforce an old one. Our function is not legislative, but judicial. United States v. Reese, 92 U.S. 214, 23 L.Ed. 563. We must take the ordinance and its operative effect as it is written. Valverdi v. State, 21 Ala.App. 606, 110 So. 594.

Amendment Article 14, Section 1, of the United States Constitution provides that no state shall deprive any person of life, liberty, or property, without due process of law. A municipality being creature of the State, this provision is equally applicable to ordinances passed by its governing body. Concededly the liberty of free locomotion and choice of associates is one of the inherent liberties so protected, subject of course to reasonable regulation arising out of compelling police needs. Such police power must be exercised in a manner reasonably calculated to accomplish its purposes.

Counsel for the city argue that when a governing body undertakes to suppress what it is free to regard as a public evil, it may adopt such measures having reasonable relation to that end as it may deem necessary in order to make its action effective; and that it does not follow that because a transaction separately considered is innocuous, it may not be included in a prohibition, the scope of which is regarded as essential in the legislative judg-

500

ment to accomplish a purpose within the admitted power of the governing body. Such argument represents a recognized doctrine of statutory construction. See Southern Express Co. v. Whittle, 194 Ala. 406, 69 So. 652, L.R.A.1916C, 278; Purity Extract & Tonic Co. v. Lynch, 226 U.S. 192, 33 S.Ct. 44, 57 L.Ed. 184; Murphy v. California, 225 U.S. 623, 32 S.Ct. 697, 56 L. Ed. 1229; State ex rel. Black v. Delaye, 193 Ala. 500, 68 So. 993, L.R.A.1915E, 640.

We do not think however that such doctrine can appropriately be applied to the ordinance now being considered. It is completely silent as to its real purpose, which can be arrived at by inference only. The broad sweep of its language covers many lawful, innocent, and rightful acts which cannot be capriciously denounced. Incidentally, it also covers illegal and immoral conduct. Its illegal aspects far outweigh the valid. It cannot rationally be said under such circumstances that the innocuous acts covered by the ordinance are merely incidental or necessary to the main purpose, but rather that they constitute the main conduct covered, with illegal conduct being merely drawn in under its general provisions.

Counsel argue further that the constitutionality of this ordinance should not be considered by us for the reason that a defendant cannot object to the invalidity of a statute merely because it operates oppressively upon others; that the hurt must be to himself. Illustrations of the application of the above doctrine may be found in Smiley v. Kansas, 196 U.S. 447, 25 S.Ct. 289, 291, 49 L.Ed. 546; Southern Railway Co. v. King, 217 U.S. 524, 30 S. Ct. 594, 596, 54 L.Ed. 868; Lee v. New Jersey, 207 U.S. 67, 28 S.Ct. 22, 52 L. Ed. 106; Grenada Lumber Co. v. Mississippi, 217 U.S. 433, 30 S.Ct. 535, 539, 54 L.Ed. 826; Interstate Commerce Comm. v. Chicago, R. I. & P. R. Co., 218 U.S. 88, 109, 30 S.Ct. 651, 659, 54 L.Ed. 946, 957; Darnell v. Indiana, 226 U.S. 390, 33 S.Ct. 120, 57 L.Ed. 267, 272; State v. Friedkin, 244 Ala. 494, 14 So.2d 363, 365; State ex rel. Montgomery v. Merrill, 218 Ala. 149 (6), 117 So. 473, 476; People v. Sanger, 222 N.Y. 192, 118 N.E. 637; People v.

Ferguson, 129 Cal.App. 300, 18 P.2d 741; Tileston v. Ullman, 318 U.S. 44, 63 S.Ct. 493, 87 L.Ed. 603.

This appellant was charged, tried, convicted and sentenced under the ordinance in question. He was thus directly within its purview, and that he was hurt by its operation is the only reason that this case is now before us. As stated in Bray v. State, 140 Ala. 172, 37 So. 250, 251, "Where the question of the constitutionality of a statute is distinctly presented, and is necessary to the decision of the particular case, the courts do not hesitate to decide the question." There is no merit in this contention.

We therefore hold that ordinance 686 is unconstitutional and void and this accused is hereby ordered discharged from the instant prosecution.

Reversed and rendered.

CARR, P. J., concurs in conclusion.