ANONYMOUS.

1. When a statute merely gives a remedy to enforce an existing right, without creating or affecting any right or obligation, it may act retrospectively.
2. The act of 1827, authorizing executions from this Court to issue for costs in certain cases where they are due from the successful party, applies as well to judgments rendered before, as to those rendered after the passage of the act.
3. The costs chargeable against the successful party include all, except the appearance of the opposite party, and such acts as are done at his instance.
4. An execution cannot be quashed because more costs are taxed than are properly due. The error can be corrected on a motion to retax.

*Acts of 1827 Page 86.*

Under the act of 1827, [a] divers executions were issued by the clerk of this Court, dividing the costs, where executions had been previously issued against the unsuccessful party and were returned no property found. Some were issued against plaintiffs in error, and some against defendants; and many were on judgments rendered in this Court, before the act passed. The act referred to as authorizing such executions, is in these words: "That the clerk of the Supreme Court is hereby authorized, whenever any sheriff or coroner shall return an execution directed to them or either of them, that the defendant or defendants in said execution or either of them have no property in his county, out of which he can make the amount of costs due on said execution, forthwith to issue execution against the plaintiff or plaintiffs in said execution, for all costs due on said execution created by the plaintiff or plaintiffs in obtaining his judgment and execution; and no costs created by any defendant or defendants on the part of him or them, shall be taxed or collected in said execution; provided that an execution which may be returned no property found, shall have issued to the county from which the case was brought into said Court, before an execution under this act shall issue against the plaintiff or plaintiffs." Motions are now made to quash the executions, on two grounds, viz: 1. That the act of 1827, does not authorize executions to issue on judgments rendered previously to its passage. 2. That more costs are taxed than were created by the parties against whom they were issued.

By JUDGE PERRY. It is a question of no small importance, whether a person entitled to execution under former laws must take the steps authorized by the laws in

being at the time of the rendition of the judgment, in order to have the same satisfied, or whether he may avail himself of a statute subsequently passed? This question is involved in the construction of the act above recited, as to its repugnancy to the nineteenth section of the bill of rights, contained in the constitution, which says no *ex post facto* law, nor law impairing the obligation of contracts, shall be made. From this clause in the constitution, we cannot suppose that the framers of it intended to inhibit the legislature of this State from enacting any law to secure to her citizens, their rights, when the remedy for their enforcement would have to act retrospectively. This opinion is not in conflict with the principle of construction, that statutes should not act retrospectively: that rule is founded on the common law, and took its rise upon a supposed intention in the law makers, not to enact laws calculated to affect anterior rights. The common law construction being founded upon that supposition, its influence cannot prevail when a different intention is clearly manifested. The act then in question, not having impaired any rights or obligations that existed between the parties previous to its passage, but only providing a remedy for their enforcement, cannot be within the prohibition of the constitution. Apply the principle to the case under consideration, and it will be found that the clerk of this Court, for services rendered to parties litigant in it, the price of which are fixed and ascertained by law, and forms a part of every judgment rendered by this Court, had no proper or adequate remedy for obtaining the costs he was thus entitled to from the party who had created them; and can it be said that the legislature authorizing the clerk to issue an execution for the costs thus due him, for services rendered previous to the passage of the law, violated or impaired any right or privilege of the party from whom the costs were thus due? We think not. If it was competent for the legislature to authorize the issuance of an execution for costs afterwards created by either party, the same provisions might apply with equal authority to the costs then accrued, and that such was the intention of the legislature, cannot admit of a doubt.

But it is said the executions should be quashed, because there are more costs taxed on the person against whom the execution issued, than he had created in the cause. In most of the cases examined, such appears to be the fact; but it is considered to be only a clerical mistake, and is amend-

able upon motion for that purpose; and consequently forms no ground for quashing the execution. The motion, therefore, to quash the executions, must be overruled. But the costs on all the executions must be retaxed, charging each party with the costs which he or they have created; and for the purpose of ascertaining the amount, suppose A, to be the plaintiff in error, and B the defendant: A succeeds, and B is unable to pay the costs; the costs then created by A include all except the appearance of B, and such acts as are done at his instance. Should B succeed, and A be unable to pay the costs, the same rule must be observed.