# Morris *v.* State.

## *Changing Name with Intent to Defraud.*

[DECIDED JAN. 18, 1906, 39 So. REP. 973.]

1. *Constitutional Law; Police Power; Imprisonment for Debt.*—The
   act prohibiting any person from changing or altering his
   name, except in the manner provided by law, with intent to
   defraud, etc.  (Acts 1903-p. 438) is a proper exercise of the
   police power, and is not violative of the constitutional inhi-
   bition against imprisonment for debt.

2. *Statute; Change of Name; Evidence.*—In a prosecution for wil-
   fully changing his name to defraud etc., defendant, as a wit-
   ness, testified that he had never changed or altered his name

[Morris v. State.]

at all. This testimony relieved the state of the burden of showing that defendant's change of name was not made as now provided by law, if this burden was on the state, a point not decided.

3. *Changing Name; Criminal Responsibility; Time of Creation of Debt.*—It is immaterial in a prosecution under the statute prohibiting a change of name to avoid the payment of debts, whether the debt sought to be avoided was created before or after the passage of the statute.

4 *Same; Evidence; Intent.*—It is proper to show that defendant owed other debts than the one alleged in the indictment as shedding light upon his intent in changing his name.

APPEAL from Montgomery City Court.

Heard before Hon. WM. H. THOMAS.

The indictment in this case is in the following language:

"The Grand Jury of said County charge that before the finding of this indictment Walter Morris, alias Charlie Smith, alias Charles Morris, not in the manner provided by law, changed or altered his name with the intent to avoid the payment of a debt due by him to H. W. Fancher, etc.

The evidence showed that before the enactment of the statute, under which the indictment was drawn, Walter Morris contracted a debt with H. W. Fancher, which had never been paid. The defendant objected to the admission of any testimony relative to any debt contracted prior to the passage of the act, and excepted to the refusal of the court to exclude such evidence. The evidence also tended to show that he owed other people debts, and that he had said to one of them that he was smarter than all the lawyers in town, and that although he had been garnisheed they had not been able to collect the debts due by him. There was objection to all this testimony.

Witness Fancher was permitted to testify that he had sued Morris and garnisheed the Western Railway and that the garnishee had answered that it had no such person working for it. It also appeared that at that time Walter Morris was in the employ of the Western, but was on the pay or time roll as Charlie Smith.

[Morris v. State.]

The defendant, testifying for himself, admitted the debt, but denied that he ever changed his name at all or for any purpose, and that if his name appeared on the pay roll as Smith, it was without his knowledge or consent.

He was convicted and appeals.

L. A. SANDERSON, Attorney for Appellant, insisted;—That defendant was entitled to his discharge for that the State had failed affirmatively to show that defendant had not changed his name in the manner provided by law, or had changed his name not in the manner provided by law, and therefore had failed to make out one of the material allegations of the indictment.—*Sophie Vandiver vs. State,* 39 So. Rep.

That the act was unconstitutional and void as an act in effect providing imprisonment for debt.—*Bray vs. State,* 37 So. Rep, 250; *Carr vs. State,* 17 So. Rep. 350; Crosby, *et al. vs. City of Montgomery,* 18 So. Rep. 723.

To permit the witness to show a debt due him was to give an *ex post facto* operation to the statute.

MASSEY WILSON, Attorney General for the State.—(No brief came to the hands of the Reporter.)

DOWDELL, J.—The indictment in this case is preferred under the Act approved October 10, 1903 (General Acts, p. 138) entitled "An Act to prohibit any person in this State from changing or altering his or her name, except in the manner provided by law, with intent to defraud or with intent to avoid the payment of any debt or to conceal his or her identity." The purpose of the act is the prevention of fraud and, under police powers of the state, clearly within legislative competency, and it in no sense violates the constitutional provision prohibiting imprisonment for debt.

There was evidence on the part of the state tending to show that the defendant changed or altered his name with the intent to avoid the payment of a debt. The defendant, testifying in his own behalf as a witness, denied that he had ever at any time changed or altered his name.

If it should be conceded that the burden of proof was on the state to show that the change of the defendant's name was not "in the manner provided by law," which we do not decide, the denial of the defendant in his testimony that he had ever changed or altered his name at all, dispensed with the necessity of any further evidence on the part of the State showing that the change of name was not made in the manner provided by law.

It is unimportant whether the debt, the payment of which, the defendant intended to avoid by the changing of his name, was created before or after the passage of the act.

It was competent and relevent for the State to prove that the defendant owed other debts than the one alleged in the indictment as tending to show the fraudulent intent in changing his name.

The court, against the objection of the defendant, permitted the witness Fancher to testify to what the garnishee answered in a suit by the witness against the defendant in the justice court, wherein the Western Railway Company of Alabama was garnishee, to the effect that said company had no person employed in its shops by the name of Walter Morris, it having been previously shown in evidence that the defendant was employed in said shops. This testimony was purely hearsay. The purpose of the evidence was to show that defendant had employment with the garnishee railway company under a name different from that of Walter Morris, his true name. This might have been shown by competent evidence, that is, by some one having a knowledge of the facts, but not by showing what the answer of the garnishee was in the suit in the justice of the peace court. In this ruling the trial court erred.

What we have already said is sufficient to dispose of the two written charges requested by the defendant, and refused by the court. There was no error in the refusal of these charges.

For the error pointed out, the judgment of the court must be reversed and the cause remanded.

Reversed and remanded.

HARALSON, SIMPSON and DENSON, JJ., concurring.