# Reid *v*. The State.

*Bigamy.*

(Decided July 6, 1910.   53 South. 254.)

1. *Names; Middle Names.*—Where the indictment charged that
Robert Reid had committed the offense the fact that the marriage
certificate issued by the proper officers referred to Robert L. Reid
as having been married, was no reason for excluding such certificate,
as the law does not regard middle initials and it could be shown by
other evidence that the parties were the same; but the duty was

[Reid v. The State.]

upon the state to show that Robert Reid indicted was the Robert L. Reid mentioned in the certificate of marriage.

2. *Same; Idem Sonans.*—Where the certificates of marriage issued by the proper officers differed in that one of them referred to the defendant's mother as Bella Winters, while the other referred to her as Belle Winters, such difference did not render them inadmissible in evidence.

3. *Same; Jury Question.*—Under the facts in this case it was for the jury to determine whether the names, Pink Reid, William C. Reid, and W. C. Reid, all referred to the defendant's father.

4. *Evidence; Documentary Evidence; Foreign Records.*—The certificates of the Secretary of State of a foreign state showing defendant's marriage are admissible in evidence in a criminal case when certified to only by the Secretary of State.

5. *Same; Evidence; Confessions; What Constitutes.*—The admission of a fact which, in connection with other facts, may show the commission of an offense is not a confession necessarily.

6. *Bigamy; Corpus Delicti; Proof.*—Proper certificates showing two marriages of the defendant were sufficient proof of the corpus delicti of bigamy to admit the confessions of the defendant, since it is not necessary, under section 6389, Code 1907, to prove their cohabiting together under either his first or second marriage to constitute bigamy.

7. *Same; Identity of Accused.*—Where the certificate of marriage had been adduced in evidence and such certificate contained the name of the defendant's mother, it was competent to show the identity of the person described as defendant's mother in the certificate.

8. *Same; Presumption as to Person Living.*—In a prosecution for bigamy where it is shown that one of the alleged wives was living in 1907, the presumption is indulged that she was still living in 1910.

9. *Witnesses; Examination; Certainty.*—Where a witness had just stated that he knew Robert L. Reid, and the allusion to him was evident from the question, and the objection to the question did not properly raise the point, there was no error in permitting the witness to be asked if he had had a conversation with Bob Reid in regard to a wife of his.

APPEAL from Anniston City Court.

Heard before Hon. THOMAS W. COLEMAN, JR.

Robert Reid was convicted of bigamy and he appeals. Affirmed.

P. F. WHARTON, N. A. LAPSLEY, and KNOX, ACKER, DIXON & BLACKMON, for appellant. The certificates of the Secretary of State of the state of Louisiana and of the president of the board of health of the parish of

Orleans, said state, and of the deputy recorder of the births, marriages and deaths of said parish in said state, should not have been admitted, 1st, because they spoke of Robert L. Reid, while the indictment charged the commission of the offense by Robert Reid.—Sec. 906, 3 Fed. St. Ann. Sec. 3988, Code 1907.  The court erred in permitting the state to ask its witness, "Did you have any conversation with Bob Reid with reference to his wife in New Orleans," as the corpus delicti had not been proven, and it was not shown that there had been a living together.—Sec. 6389, Code 1907; *Cox v. The State*, 117 Ala. 103.  Counsel discuss other assignments of error relative to the evidence, but without further citation of authority.

ALEXANDER M. GARBER, Attorney General, and NIEL P. STERNE, for the State.  The court did not err in admitting the certificates from the state of Louisiana.—3 Fed. St. Ann. 39; Sec. 3988, Code 1907; *Hause v. The State*, 88 Ala. 37.  The statement of the defendant was not a confession.—1 Wig. on Evi. 930, but if a confession, it was admissible for the corpus delicti had been sufficiently proven.—*Beggs v. The State*, 55 Ala. 108.  There was no error in receiving evidence of his fathers and mother's name.—1 Wig. 764 and note; 24 Am. St. Rep. 315.  It being shown that Bessie Flynn was living in 1907, the presumption prevails that she was living two years later unless it be rebutted.—*Parker v. The State*, 77 Ala. 47.

SIMPSON, J.—The appellant was convicted under an indictment charging bigamy.  The state introduced the certificate of the president of the board of health of the parish of Orleans, La., showing that Robert L. Reid, a native of Anniston, Ala., son of William C.

Reid and Bella Winters, was married to Miss Bessie Flynn, in New Orleans, August 8, 1907; also the certificate of the deputy recorder of births and marriages to the same effect; also the certificate of the Secretary of State of the state of Louisiana, under the great seal of the state, that the certified copy of the record of said marriage "is an exemplification from the books and records of the board of health of the parish of Orleans, state of Louisiana, which is a public office of said state, and that the same is attested in due form, and by proper officers, who are keepers and custodians of such books and records under the laws of this state."

The fact that the said certificates refer to "Robert L. Reid," while the indictment is against "Robert Reid," furnished no cause why the certificates should have been excluded. The law takes no notice of the middle initial. If "Robert L. Reid" was not the same person as "Robert Reid," it could be shown by evidence. The duty was on the state to show that they denominate the same person; and the defendant afterwards testified that his name is Robert L. Reid. Nor was there any error in admitting the certificates, because one of them refers to the mother of defendant as "Bella Winters," while the other calls her "Belle Winters." These names are evidently contractions of the same name, and the subsequent evidence shows this to be true.

The certificate of the Secretary of State of Louisiana is in accordance with the United States statute.—3 Fed. Stat. Ann. § 906, p. 39 (U. S. Comp. St. 1901, p. 677). Said act does not require the certificate of a presiding justice, in addition to that of the Secretary of State, but either is sufficient. The laws of Louisiana on the subject were also certified by the Secretary of State of Alabama, in accordance with section 3988 of

the Code of Alabama.—*Hawes v. State,* 88 Ala. 39, 7 South. 302.

There was no error in overruling the objection to the question to the witness Stringfellow, "Did you have any conversation with Bob Reid, with reference to his having a wife in New Orleans?" As to the use of the name "Bob," the witness had just stated that he knew Robert L. Reid, and the allusion to him is evident, and, besides, the objection did not raise that question.

The defendant insists that this question and answer should not have been allowed, because a confession cannot be admitted until the corpus delicti is proved. In the first place, the certificate of defendant's marriage in New Orleans, La., with that of his marriage here, constituted sufficient evidence of the corpus delicti to admit the evidence. It is not necessary to the proof of the offense of bigamy to prove cohabitation under either the first or the second marriage. Section 6389 of the Code of 1907 describes "bigamy" and "bigamous cohabitation." To constitute the first, it is necessary only that a person having a former wife or husband marry. The second clause refers to the continuance of cohabitation after having been married in another state and coming here.—*Beggs v. State,* 55 Ala. 108-110; *Brewer v. State,* 59 Ala. 101, 103; *Owens & Beatty v. State,* 94 Ala. 97, 99, 10 South. 669. In addition to what has been said, the evidence admitted did not constitute a confession, and, if it did, it was proved to have been voluntarily made. An admission of a fact which, in connection with other facts, may show the commission of an offense, is not a confession. —*People v. Parton,* 49 Cal. 632, 638; *State v. Porter,* 32 Or. 135, 143, 49 Pac. 964 et seq.

There was no error in overruling the objection to the question to the witness Crabtree, "What was the name

of the defendant Bob Reid's mother?" nor in overruling the motion to exclude the answer. The witness had testified that he knew the father and mother of defendant; and the testimony was proper to identify the person described in the certificates. The witness answered that to the best of his recollection her name was Belle or Isabel, but he was not sure of that, and that her maiden name was Winters.—2 Ency Ev. pp. 262-264, and notes; *A. G. S. R. R. Co. v. Hill,* 93 Ala. 514, 9 South. 722, 30 Am. St. Rep. 65; *Elliott v. Dyche,* 80 Ala. 376.

The only objection offered to the question to the witness, A. H. Cook, "Do you know the name of defendant Robert Reid's mother?" and to the answer, was that it called for illegal, incompetent, and irrelevant testimony. The testimony was certainly competent and and relevant. If objection had been made to the answer on the ground that the witness said "I think," he doubtless would have explained that he was testifying according to his best recollection. In fact, the word "think" has been held to have that significance.—*Humphries v. Parker,* 52 Me. 502, and authorities supra. The objection did not raise this special matter.—*Coghill v. Kennedy,* 119 Ala. 641, 24 South. 459; *A. G. S. R. R. Co. v. Bailey,* 112 Ala. 167, 20 South. 313; *McDaniel v. State,* 97 Ala. 14, 12 South. 241. There was no error in overruling said objections.

What has been said covers the remaining assignments referring to the identification of the mother and father of the defendant. It was for the jury to determine whether "Pink Reid," "William C. Reid," and "W. C. Reid" were one and the same person.

It was not necessary to prove that Bessie Flynn is still living. There being no proof tending to the contrary, and she having been proved to be living in 1907,

the presumption is that she is still living.—*Parker v. State*, 77 Ala. 47, 54 Am. Rep. 43.

The acton of the court on the application for a new trial is not reviewable by this court.

There being no error apparent on the record, the judgment of the court is affirmed.

Affirmed. All the Justices concurring.