# Witt *v*. The State.

*Bigamy.*

(Decided June 13, 1912. Rehearing denied July 11, 1912. 59 South. 715.)

1. *Indictment and Information.*—An indictment for bigamy is not demurrable because alleging that defendant married "on" P. R., instead of "one P. R.", as clearly it is a clerical error.

2. *Bigamy; Indictment; Sufficiency.*—The fact that the indictment did not allege that the other party was a woman, did not render it bad, where the party charged was a man.

3. *Same; Evidence; Certificates.*—A copy of the records of defendant's former marriage, certified in accordance with the United States statutes, was admissible in evidence in a prosecution for bigamy.

4. *Same; Defense; Divorce; Decree.*—Where a divorce decree granted in another state was inoperative on its face until after the expiration of six months, it was no defense to a bigamy case that within six months prior to the offense, the divorce decree between the defendant and his wife had been granted in another state.

5. *Appeal and Error.*—Where the admissions and undisputed evidence shows that the defendant had a former wife living at the time of his marriage with his second wife, and the state was entitled to the affirmative charge, erroneous rulings on the evidence were harmless.

6. *Charge of Court; Reasonable Doubt; Good Character.*—Evidence of good character when considered alone is not sufficient to raise a reasonable doubt of guilt.

APPEAL from Madison Law and Equity Court.

Heard before Hon. JAMES H. BALLENTINE.

William Witt was convicted of bigamy and he appeals. Affirmed.

[Witt v. The State.]

TURNER PETTY, and LEE H. WEIL, for appellant.   The court erred in refusing to grant the motion to quash the indictment, and also erred in overruling demurrers thereto.—*Parker v. The State*, 114 Ala. 690; *Griffith v. The State*, 90 Ala 583.   The certified copies of the record in the Tennessee Court did not comply with the requirements of the United States statutes, and were hence, not admissible.   The court erred in the admission of testimony.—12 Cyc. 382. The divorce had been granted and charge 2 should have been given.—2 Brick. Dig. 143; 14 Cyc. 724.

R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State.   The indictment was not demurrable.—*Sanders v. The State*, 56 South. 68.   It was not necessary to aver the sex of the other party.—*McLeod v. The State*, 35 Ala. 395.   A marriage after divorce without a decree or order permitting it, is bigamous.—*Barefield v. Barefield*, 139 Ala. 291.   The state was entitled to the affirmative charge, and hence, any error in the admission of evidence was harmless.   Good character is not sufficient alone to generate a reasonable doubt of guilt.—*Williams v. The State*, 52 Ala. 4; *Pate v. The State*, 94 Ala. 14; *Springfield v. The State*, 96 Ala. 81; *Webb v. The State*, 106 Ala. 52.   The records were certified in accordance with the Federal Statutes, and hence, were admissible.

PELHAM, J.—The defendant was convicted of bigamy, and appeals.

The charging part of the indictment, as set out in the record, is as follows: "The grand jury of said county charge that, before the finding of this indictment, William Witt, having a wife then living, unlawfully married on Pearl Randolph, against the peace and dignity

of the state of Alabama." It is insisted, and was raised by motion and demurrer in the trial court, that the indictment is void, or fails to charge an offense, because, first, it does not aver that the defendant married "one" Pearl Randolph; and, second, for that it fails to aver that Pearl Randolph is a woman. The use of the word "on" in the indictment in lieu of the word "one" is of no consequence, as the word "one" prefaced to the name of the person adds nothing to the meaning or understanding, or definiteness, of description. The error is manifestly clerical, and the sense is not so obscured that a person of ordinary intelligence cannot from the context determine with certainty the meaning. As said by this court in *Sanders v. State*, 2 Ala. App. 13, 56 South. 69: "In our opinion an ordinary man, reading the indictment for the purpose of ascertaining its meaning, would in all probability not detect the defect complained of, and, if he did so, he would from the context know, as a matter of common sense, the exact word which was in fact used, and that the error complained of was merely clerical." It is impossible that the defect complained of could have misled any one of common understanding, or in any way injured the defendant or prejudiced his rights in the slightest degree or remotest manner. The defendant, court, and jury, on an inspection of the indictment or hearing it read, would know with certainty what it intended to charge. "Before an objection because of false grammar, incorrect spelling, or mere clerical errors, is entertained, the court should be satisfied of the tendency of the error to mislead, or to leave in doubt as to the meaning a person of common understanding, reading, not for the purpose of finding defects, but to ascertain what is intended to be charged."—*Grant v State*, 55 Ala. 201. Except as to the clerical error

above discussed, the indictment is in the Code form (form No. 22, p. 663, of the Criminal Code), and is sufficient (*Hankinson v. State,* 2 Ala. App. 110, 57 South. 61; *Bailey v. State,* 99 Ala. 143, 13 South. 566; *Smith v. State,* 63 Ala. 55; *Wilson v. State,* 61 Ala. 151; *Weed v. State,* 55 Ala. 13). It was not necessary to aver in the indictment that one of the persons was a man and the other a woman.—*Rich v. State,* 1 Ala. App. 243, 55 South. 1022; *McLeod v. State,* 35 Ala. 395.

The certificates to the copy of the records of Lincoln county, Tenn., of the marriage of the defendant to Mary Washburn are in accordance with the United States statute (3 Fed. Stat. Ann. § 906, p. 39, U. S. Comp. St. 1901, p. 677; *Reid v. State,* 168 Ala. 118, 53 South. 254), and the certified copy was properly admitted in evidence.

The decree of divorce granted by the superior court of Oklahoma county, state of Oklahoma, did not by the terms of the decree become absolute or take effect until six months after the 14th day of May, 1910, and the undisputed evidence showed that the defendant, having a wife then living, contracted a second marriage with Pearl Randolph on the 25th day of June, 1910, before the decree of divorce, even if valid, became operative or of force and effect as a decree. The decree was inoperative on its face until the six months have expired, and in fixing the status of the parties during that period is in effect but a decree nisi, and a marriage contracted with another party within such period by either of the parties to the suit is void, and necessarily then is bigamous. This is the English rule.—*Warter v. Warter,* 15 P. D. (Law Rep.) 152. Decrees granted under the provisions of the statutes of our state, prohibiting marriage of the parties until the decretal order authorizing

[Witt v. The State.]

marriage becomes operative as to them, have received the same construction.—*Barfield v. Barfield,* 139 Ala. 290, 35 South. 884.

To constitute bigamy under our statute (Code, § 6389), it is only necessary that a person having a former wife or husband living contract a marriage with another (*Reid v. State,* 168 Ala. 118, 53 South. 254) ; and under the undisputed testimony, these facts having been shown by competent evidence, the state was entitled to the general charge, and the rulings on the evidence, not going to the admission of this evidence, if error, would not be prejudicial to the defendant, authorizing a reversal of the case.

The only evidence, except the decree of divorce hereinabove discussed, introduced by the defendant, was evidence showing his good character, and this alone is not sufficient to generate a reasonable doubt of guilt.— *Webb v. State,* 106 Ala. 52, 18 South. 491; *Scott v. State,* 105 Ala. 57, 16 South. 925, 53 Am. St. Rep. 100; *Johnson v. State,* 102 Ala. 1, 16 South. 99; *Springfield v. State,* 96 Ala. 81, 11 South. 250, 38 Am. St. Rep. 85; *Johnson v. State,* 94 Ala. 35, 10 South. 667; *Pate v. State,* 94 Ala. 14, 10 South. 665; *Williams v. State,* 52 Ala. 411.

The record contains no reversible error, and the case will be affirmed.

Affirmed.