35 So.2d 161

### GANDY v. STATE.

6 Div. 563.

Supreme Court of Alabama.

March 25, 1948.

Rehearing Denied May 13, 1948.

Wm. Conway, of Birmingham, for appellant.

A. A. Carmichael, Atty. Gen., and Bernard F. Sykes, Asst. Atty. Gen., for appellee.

LIVINGSTON, Justice.

This appeal is from a decree of the Circuit Court, in Equity, of Jefferson County, Alabama, affirming a decree of the Juvenile and Domestic Relations Court of Jefferson County, relative to the care, custody and control of three minors.

Doris Gandy, the appellant, is the mother of the children, ages nine, eight and seven years, respectively.

By a decree of the Juvenile and Domestic Relations Court of Jefferson County, entered on January 21, 1943, the three minors were committed to the custody of the Department of Public Welfare of Jefferson County. By a decree of the same court, entered on March 28, 1946, the children were committed to the State Department of Public Welfare for permanent placement in a foster home. On appeal to the Circuit Court of Jefferson County, in equity, the decree of March 28th was affirmed: hence this appeal.

The father of these unfortunate children is now serving a fifteen year sentence in the State penitentiary. Counsel for appellant admitted in open court that the mother is not a fit or suitable person to have their custody or control.

The proceedings touching the custody of these minors, and which, it may be said, serve as a background for the decree now under consideration, are as follows: On December 3, 1942, Mrs. Lucy Monroe, the mother of appellant and maternal grandmother of the minors, filed a petition in the Juvenile and Domestic Relations Court of Jefferson County, invoking the provisions of section 310 et seq., Title 62, Code of 1940, on the ground that said minors were dependent or neglected within the purview of said statute. On hearing the petition, the court made and entered a decree adjudging said minors to be wards of the court, and committed their care, custody and control to the Department of Public Welfare of Jefferson County. Thereafter, the said Department of Public Welfare placed said minors in the home of one Mrs. Jenora Anderson, and provided for their care, support and maintenance. This plan looked to the rehabilitation of the parents of the minors in order that they might, at a proper time, again assume the custody of their children. It appears that such hopes were not realized.

On February 28, 1946, the Department of Public Welfare of Jefferson County moved the Juvenile and Domestic Relations Court to reopen the matter of the welfare of the minors, and to provide for their further custody and control. The motion was heard on March 28, 1946, and resulted in the decree committing said minors to the State Department of Public Welfare, in order that said agency might find permanent homes for them. On appeal to Circuit Court, in Equity, of Jefferson County, the testimony was taken ore tenus before the court, and resulted in the affirmance of the decree of the Juvenile and Domestic Relations Court.

The record casts no reflections on Mrs. Anderson, or her care of the children. It does show that the county bears the expense, and that the parents and other relatives are, at times, permitted to visit the children. The record further shows that these visits are probably harmful. It also discloses that there are relatives of the minors who are willing to assume their custody and control. But the court found, upon proper investigation, and we think correctly so, that these relatives are unsuitable.

■ Appellant contends that the court is unauthorized to render a decree awarding the custody of the children to the State Department of Public Welfare for permanent placement in a foster home.

That the Juvenile and Domestic Relations Court of Jefferson County and the Circuit Court, in Equity, on appeal, has such authority is beyond question. The State Department of Public Welfare now has the responsibilities, and exercises all the powers and duties previously invested by law in the State Child Welfare Department,—section 8, subsection (3), Title 49, Code of 1940. The authority of the courts to render the decree rendered, is found in section 317, Title 62, Code, which provides in part: "or the court may commit such child to the child welfare department of this state, or to any other state institution or agency which is now or which may be hereafter established to receive and care for children coming under the provisions of this subdivision * * * or the court may make such other order or decree as to the court shall seem to be for the best interest of said child."

■ The adoption statute, cited in appellant's brief, section 3, Title 27, Code of 1940, requires the consent of parents before a child may be adopted. The decree before us does not effect an adoption. It places the custody of the children in the State Department of Public Welfare. Under section 3, Title 27, Code, the consent of the parents may be dispensed with when they have lost guardianship of the child or children by an order of a juvenile court or court of like jurisdiction, and such consent may be given by the State Department of Public Welfare.

We have carefully examined this record, and are in complete accord with the findings and decree of the Juvenile and Domestic Relations Court, and its affirmance by the chancery court.

Affirmed.

GARDNER, C. J., and BROWN and SIMPSON, JJ., concur.