129 So.2d 684

ANONYMOUS

v.

STATE (two cases).

6 Div. 555, 556.

Supreme Court of Alabama.

April 6, 1961.

Rehearing Denied May 18, 1961.

Norman E. Moon and McDonald & Moon, Birmingham, for appellants.

MacDonald Gallion, Atty. Gen., and Julius Cage, Jr., Asst. Atty. Gen., for appellee.

LAWSON, Justice.

By a decree of the Juvenile and Domestic Relations Court of Jefferson County, rendered on November 5, 1959, two children, four and five years of age, were committed to the Alabama State Department of Pensions and Security.

By another decree rendered on the same day, a three-months old child was committed to the Department of Pensions and Security by the same court.

Appeals were taken from those decrees to the Circuit Court of Jefferson County, in Equity, by the mother of the three chil-

dren and by her husband. Sections 307, 317, Title 62, Code 1940.

The two appeals were consolidated for trial in the Circuit Court, in Equity, and were tried de novo. Section 307, Title 62, supra.

Following the trial at which the testimony was taken ore tenus, the Circuit Court, in Equity, made and entered a single decree wherein the three children were ordered placed in the care, custody and control of the State Department of Pensions and Security.

The mother of the children and her husband have taken two appeals to this court from the decree of the Circuit Court, in Equity. One of the appeals has been docketed here as 6 Div. 555. It is concerned with the two older children. The other appeal, which has been docketed here as 6 Div. 556, is concerned with the baby.

The two appeals were ordered consolidated at time of submission in this court.

■ The right of the Circuit Court, in Equity, to award a dependent or neglected child to the State Department of Pensions and Security is not questioned. See Long v. O'Mary, 270 Ala. 99, 116 So.2d 563, and cases cited; Gandy v. State, 250 Ala. 543, 35 So.2d 161.

■ But the appellants say that the evidence presented to the trial court was insufficient to justify a finding that the children were dependent or neglected. We do not agree.

It would be no favor to the appellants or to the children to recite in detail the evidence as it bears on the kind of life which the appellants have lived and the surroundings in which they have kept the children. It would be difficult to imagine conduct and environment more unfitting for the raising of children of tender years. A reading of the record has convinced us that the conduct of the appellants was so reprehensible that we should not only refrain from delineating the evidence, but should omit the names of the appellants from the report of the cases, not in deference to the appellants but in order that these children will not be faced in future years with a record of the deplorable, dissolute and rakehell life led by their mother and putative father.

■ The only other insistence made by the appellants is that the trial court erred in refusing to order the Department of Pensions and Security to deliver the children to the office of a doctor for the purpose of having blood tests made. We do not agree.

The appellants wanted the blood tests made so as to give support to the appellants' claim that the male appellant was the father of all three children. Evidence had been adduced which tended to show that another was the father of the youngest child and the Juvenile and Domestic Relations Court of Jefferson County, in effect, so decreed.

But the trial in the Circuit Court, in Equity, was de novo and that court repeatedly observed that the paternity of the children was not then in litigation and the decree here under review has not attempted to determine that question or to order the children or any of them placed in any specific home or institution.

The decree of the trial court is affirmed

Affirmed.

LIVINGSTON, C. J., and STAKELY and MERRILL, JJ., concur.