179 So.2d 766

**Howard Edward ESCO**

v.

**STATE of Alabama.**

**6 Div. 38.**

Supreme Court of Alabama.

Sept. 30, 1965.

Norman E. Moon, Birmingham, for petitioner.

Richmond M. Flowers, Atty. Gen., Bernard F. Sykes, Asst. Atty. Gen., and Roy E. Hicks, Legal Research Aide, Montgomery, opposed.

COLEMAN, Justice.

Defendant was tried on an information, filed by the solicitor, which charged:

"That within twelve months before the commencement of this prosecution, Howard Edward Esco, alias Harold Edward Esco did change or alter his name to conceal his identity, against the peace and dignity of the State of Alabama."

The state amended the information before arraignment by striking the words:

"alias Harold Edward Esco."

A jury found defendant "guilty of changing or concealing his name, as charged in the Solicitor's Complaint." The Court of Appeals affirmed and we granted certiorari.

The authority for convicting defendant is found in § 229, Title 14, Code 1940, which recites:

"Any person who changes or alters his or her name with the intent to defraud or with the intent to avoid payment of any debt, or to conceal his or her identity, shall be guilty of a misdemeanor, and, on conviction, shall be punished by a fine of not more than five hundred dollars."

Defendant contends that the offense of which he was convicted is the offense created by the third alternative of the statute and that the third alternative is void and unconstitutional because it is repugnant to the Fourteenth Amendment to the Constitution of the United States.

The Court of Appeals, in affirming the conviction, observed that the progenitor of § 229 was held valid in Morris v. State, 144 Ala. 81, 39 So. 973. We granted certiorari to review the judgment of the Court of Appeals.

In Morris, this court did hold that the act was under the police power, was clearly within the legislative competence, and did not violate the constitutional prohibition against imprisonment for debt which was the only constitutional provision considered in that case. In Morris, however, the indictment was not based on the third alternative of the statute. The indictment was based on the second alternative of the statute. The indictment there recited:

"'The Grand Jury of said County charge that before the finding of this indictment Walter Morris, alias Charlie Smith, alias Charles Morris, not in the manner provided by law, changed or altered his name with the intent to avoid the payment of a debt due by him to H. W. Fancher, etc.'" (144 Ala. at page 82, 39 So. 973)

Upholding the validity of the second alternative is not upholding the validity of

the third alternative, and Morris is not decisive of the question here, which is whether the third alternative is valid and constitutional.

Examination of § 229 shows that, when a person changes his or her name with any one of three alternative intents, the act of changing the name is made a crime. The three intents are: (1) intent to defraud, (2) intent to avoid payment of any debt, or (3) to conceal his or her identity.

This court has said:

"Fraud and misrepresentation resulting in injury to another may be made criminal; . . .." Davis v. State, 237 Ala. 143, 145, 185 So. 774.

Under that principle, the validity of the second alternative, against the objection there made, was sustained in Morris v. State, supra. The validity of the first alternative was not considered in Morris and is not at issue here, but we know no good reason why changing one's name with intent to defraud another may not be made a crime.

In the instant case, however, we are concerned with the third alternative, which is different. The difference between the first two alternatives and the third is that the element of fraud is an ingredient of the first two, but not of the third, Burnam v. Commonwealth, 228 Ky. 410, 15 S.W.2d 256.

The element of fraud or other criminal purpose is not present in the third alternative. The intent to defraud is included in the first alternative and the intent to avoid payment of a debt is included in the second, but neither of those intents is included in the third. We must assume then that the intent to defraud is intentionally omitted from the third and that to be guilty under the third, neither the intent to defraud nor the intent to avoid payment of debt is necessary. We ought, then, to consider what character of act it is that is forbidden by the third alternative.

The general rule is well settled that identity of name imports, prima facie, identity of person. Ex parte Davis, 200 Ala. 577, 76 So. 935. It would seem to follow that a difference of name imports, prima facie, a difference of person. A change of name, then, it can be argued, always imports, at least prima facie, a difference in identity. To some extent, a change of name always conceals the nominee's identity. When the change is with intent to defraud another, the act of change is intended to injure another and the state, under the police power, may make the act of changing the name, with such intent, a crime, but can the state, consistent with due process, make the act a crime when the act has no connection with or relation to the public welfare, health, safety, or morals?

The Kentucky Court has said:

"We recognize the legislative power to define what acts or omissions shall constitute criminal offenses so long as the exercise of the power does not infringe constitutional rights and privileges, express or necessarily implied. Taylor v. Commonwealth ex rel. Dummit, 305 Ky. 75, 202 S.W.2d 992. But there is no power to declare to be a crime an act which has no relation to the comfort, welfare and safety of society or an act which could not be avoided by the utmost care and circumspection, or which, in its nature, is and must be under all circumstances innocent, or the nonperformance of which is impossible. . . ." Commonwealth v. O'Harrah (Ky.), 262 S.W. 2d 385, 388.

The New Mexico Court said:

"A further technical legal objection to the statute is its want of certainty. Where the statute uses words of no determinative meaning, or the language is so general and indefinite as to embrace not only acts commonly recognized as reprehensible, but also others which it is unreasonable to presume were in-

tended to be made criminal, it will be declared void for uncertainty. . . ." State v. Diamond, 27 N.M. 477, 202 P. 988, 20 A.L.R. 1527, 1533.

The Illinois Court said:

" . . . . As was said by this court in Gillespie v. People, 188 Ill. 176, 58 N.E. 1007, 52 L.R.A. 283, the Legislature has no authority to pronounce the performance of an innocent act criminal, when the public health, safety, comfort, or welfare is not interfered with." Horwich v. Walker-Gordon Laboratory Co., 205 Ill. 497, 506, 68 N. E. 938, 941.

This court has said:

"When a statute uses words of no determinative meaning and the language is so vague and indefinite not only as to punish acts clearly punishable, but conduct which cannot be punished, it will be declared void for uncertainty. A state must so write its penal statutes as to be not so vague and indefinite as to permit the punishment of innocent acts and conduct which are a part of the right of every citizen to pursue, as well as acts evil in nature and affected with the public interest. Stromberg v. [People of State of] California, supra [283 U.S. 359, 51 S.Ct. 532, 75 L.Ed. 1117]; State v. Goldstein, supra [207 Ala. 569, 93 So. 308]; State v. Diamond, 27 N.M. 477, 202 P. 988, 20 A.L.R. 1527; State v. Lantz, 90 W.Va. 738, 111 S.E. 766, 26 A.L.R. 894; Lanzetta v. State of New Jersey, 306 U.S. 451, 59 S.Ct. 618, 83 L.Ed. 888; 14 Am. Jur., §§ 19, 22, 28, pp. 773 et seq.; cases cited supra.

"The applicable law is thus stated in the leading case of Connally v. General Construction Co., supra [269 U.S. 385, 46 S.Ct. 126, 70 L.Ed. 322]: 'That the terms of a penal statute creating a new offense must be sufficiently explicit to inform those who are subject to it what conduct on their part will render them liable to its penalties is a well-recogniz-

ed requirement, consonant alike with ordinary notions of fair play and the settled rules of law; and a statute which either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application violates the first essential of due process of law. * * *' 46 S.Ct. 127." Kahalley v. State, 254 Ala. 482, 484, 48 So.2d 794, 796.

The acts prohibited by the third alternative include that of the child who takes the name of his foster parent, that of the divorced wife who takes again her maiden name, that of the woman who takes the name of her husband. All these persons, as well as the author writing under a fictitious name, the public celebrity seeking privacy by using an assumed name, and the detective using an alias to facilitate crime detection and law enforcement are guilty under the third alternative.

Traveling incognito, without fraudulent purpose, can hardly be regarded as reprehensible. Authors of standing have employed a pen name; e. g., Mark Twain; S. S. Van Dine; Publius in The Federalist. Even this court itself, from earliest to recent times, has recognized the propriety of concealing the identity of parties to a cause. Anonymous, Minor 52; Anonymous, 2 Stewart 228; Anonymous, 34 Ala. 430; Anonymous, 35 Ala. 226; Anonymous, 55 Ala. 428; Anonymous, 89 Ala. 291, 7 So. 100; Anonymous, 206 Ala. 295, 89 So. 462; Anonymous v. State, 272 Ala. 172, 129 So. 2d 684; Anonymous v. Anonymous, 277 Ala. 634, 173 So.2d 797.

This court has said:

" * * * A person may adopt what name he pleases, and if he deals with others, or goes to court in a name, no matter what, no harm is done. . . . ." Milbra v. Sloss-S. S. & I. Co., 182 Ala. 622, 630, 62 So. 176, 179;

and again:

". . . . 'Where it is not done for a fraudulent purpose and in the absence of statutory restriction, one may lawfully change his name without resort to legal proceedings, and for all purposes the name thus assumed will constitute his legal name just as much as if he had borne it from birth.' . . . ." Alabama Clay Products Co. v. Mathews, 220 Ala. 549, 552, 126 So. 869, 870.

Examination of the original statute considered in Morris v. State, supra, and § 229, Title 14, Code 1940, discloses a change of some significance. Act No. 477, Acts of 1903, page 438, recited:

"SECTION 1.—That it shall be unlawful for any person in this State, except in the manner provided by law, to change or alter his or her name with the intent to defraud or with the intent to avoid payment of any debt, or to conceal his or her identity."

In the 1907 Code, § 6937, and in subsequent codes, there has been omitted the exception where the name was changed "in the manner provided by law." Under the 1940 Code, the change to conceal identity is a crime, even if the change be made as provided by law.

The legislature has provided that the court of probate shall have jurisdiction as to the change of name of a person upon his filing a declaration in writing stating the old and the new names. § 278, Title 13, Code 1940.

Thus, the state, in one statute, provides one of the methods of changing a name, which change, in some degree and in some places, must conceal identity, and, in the other statute, § 229, the state makes the change for such purpose a crime.

It may be said, of course, that the state may punish, as a crime, an act which uses the courts to perpetrate fraud, and that omission of the original exception, in cases of change as provided by law, is, therefore, justified. We consider under the third alternative, however, a change of name which is not intended to perpetrate fraud. There is an inconsistency between simultaneously effective statutes, where one authorizes an act and the other statute makes the act a crime.

The legislature has also gone to some lengths to conceal the former name and identity of an adopted child who takes the name of the adopting parents. Upon receipt of copy of final order of adoption, the registrar of vital statistics is enjoined to make a new record of birth in the new name, with the name or names of the adopting parents, and then to seal and file the original certificate of birth, and the sealed package shall be opened only on demand of the child, his natural or adopting parents, or by order of a court of record. § 4, Title 27, Code 1940.

The third alternative was undoubtedly intended to serve a useful purpose, but it sweeps within its influence conduct, neither evil in nature nor detrimental to the public interest, which could not be proscribed as criminal. Kahalley v. State, supra; Connor v. City of Birmingham, 36 Ala.App. 494, 60 So.2d 474.

We are of opinion that the third alternative of § 229, Title 14, Code 1940, is unconstitutional because it is so vague and indefinite as to deny the requirements of due process under the doctrine of Kahalley and Connor, supra, and that a conviction under the third alternative should not stand.

The judgment of the Court of Appeals is reversed and the cause is remanded to that court.

Reversed and remanded.

LIVINGSTON, C. J., and LAWSON, GOODWYN, MERRILL, and HARWOOD, JJ., concur.