323 So.2d 728

**In re Edward Aaron ENGLISH**

**v.**

**STATE of Alabama.**

**Ex parte Edward Aaron English.**

**SC 1372.**

Supreme Court of Alabama.

Nov. 6, 1975.

Ian F. Gaston, Mobile, for petitioner.

William J. Baxley, Atty. Gen., and Jack A. Blumenfeld, Asst. Atty. Gen., for the State, respondent.

SHORES, Justice.

Edward Aaron English was indicted by the Mobile County Grand Jury on November 8, 1973, for the offense of possession of a pistol after having been convicted of a crime of violence. He was found guilty as charged and sentenced to two years in the penitentiary. He appealed to the Court of Criminal Appeals, 56 Ala.App. 728, 323 So.2d 728, which affirmed the conviction without opinion.

We granted certiorari because the affirmance of the conviction by the Court of Criminal Appeals appeared to be in conflict with *Reid v. State*, 168 Ala. 118, 53 So. 254 (1910), and *Esco v. State*, 278 Ala. 641, 179 So.2d 766 (1965).

> " . . . We have long held that we can, and will, review a decision of one of the Courts of Appeal on a 'federal question' even though there is no written opinion of that court in the cause. . . . " *Haynes v. State*, 293 Ala. 221, 223, 301 So.2d 208, 210.

This case presents a fundamental question of due process justifying consideration by this court.

As indicated, in the instant case the indictment charged Edward Aaron English with the offense of possession of a pistol after conviction of a crime of violence. In support of its case, the state introduced, over the defendant's objection, made by motion to suppress, a certificate of judgment dated September 24, 1973, showing that Aaron E. English had been convicted of burglary in the second degree.

The state offered no evidence to show that Aaron E. English and Edward Aaron English were one and the same individual.

*Reid,* supra, involved a prosecution for bigamy. There, the state offered a certificate of marriage showing that Robert L. Reid had married in New Orleans in 1907. The indictment charged Robert Reid with

**100**

the crime of bigamy. This court held that there was no error in allowing the certificate of marriage, but stated " . . . The law takes no notice of the middle initial. If 'Robert L. Reid' was not the same person as 'Robert Reid,' it could be shown by evidence. *The duty was on the state to show that they denominate the same person*; . . ." (Emphasis Supplied) (168 Ala. at 121, 53 So. at 255.)

In *Esco v. State*, supra, we said:

"The general rule is well settled that identity of name imports, prima facie, identity of person. *Ex parte Davis*, 200 Ala. 577, 76 So. 935. It would seem to follow that a difference of name imports, prima facie, a difference of person. . . ." (278 Ala. at 643, 179 So.2d at 768.)

This court has for many years held that the law knows but one Christian name and that the insertion or omission of a middle name or initial is immaterial and may be disregarded. *McMahan v. Colclough*, 2 Ala. 68 (1841); *Edmundson v. State*, 17 Ala. 179 (1850); *Pace & Cox v. State*, 69 Ala. 231 (1881); and *Rooks v. State*, 83 Ala. 79, 3 So. 720 (1887).

When the rule of these cases is applied to the instant case, it is clear that the defendant was indicted under the name "Edward English," and his guilt proven by a certificate of judgment showing that "Aaron English" had been convicted of burglary in the second degree.

Under *Reid*, the certificate of judgment was not inadmissible because of the discrepancy in names, but the burden was on the state to show that the person named in the indictment and the person shown on the certificate of judgment were one and the same.

We have been directed to no evidence in the instant case which indicates that any effort was made by the prosecution to prove that Edward English was one and the same as Aaron English. For this fail-

ure, the judgment of affirmance entered by the Court of Criminal Appeals is reversed and the cause is remanded to that court for the entry of a judgment consistent with this opinion.

Reversed and remanded.

All the Justices concur except HEFLIN, C. J., not sitting.