Glen Davis, convicted of second degree assault in shooting his mother-in-law, was sentenced as a recidivist to life imprisonment. From his conviction he pursues this appeal.
The state's evidence tended to indicate that the defendant entered the residence of one Barbara Cook in Moundville, Alabama. This residence was located next door to the residence of Lue Ella Cook, his mother-in-law, who was the victim in this case. The appellant shot his mother-in-law as well as his wife, Chine Davis. He was arrested a short time later, three blocks away, and was charged with burglary and with two counts of first degree assault. The jury convicted the appellant of second degree assault. The state presented into evidence certified copies of three prior felony convictions, and the court sentenced the appellant to life imprisonment in the penitentiary.
 I
Appellant contends first that the court erred in denying his motions for a mistrial on the grounds that one of the jurors had been seen speaking to the victim during a recess. The court immediately held a hearing out of the jury's presence and gave counsel the opportunity to question the juror. The court then stated:
 "THE COURT: Well, it's a touchy thing. My thinking is the best thing for me is just to admonish the jury not to have any contact with parties and let the thing go. If you bring the juror in now and question her it is almost certainly going to cause a mistrial situation one way or the other just based on the affect of that individual questioning. But I'll leave it up to the defendant. If you want her questioned at this time and only questioned by the Court with a specific understanding that the case will proceed if there is no prejudice shown, then we'll go ahead. Otherwise, I'll allow you to question her or otherwise I'm going to say that your objection is noted and we'll look into it after the verdict."
The motion for mistrial was then denied.
After the verdict was brought in, the court then proceeded to have another hearing at which both Mrs. Cook and juror Lewis were questioned. It turned out that they were childhood friends who had not seen each other for a period of thirty-five years. Mrs. Cook said that she did not recognize Mrs. Lewis and it was during the break in the proceedings that Mrs. Lewis recognized Mrs. Cook. Questioned at *Page 994 
length, each of these ladies denied talking about the case at all. Mrs. Lewis said that the conversation had nothing to do with the case that was being tried. She testified that her guilty vote in the case came solely from the facts that she heard in her role as a juror.
Whether or not to grant a mistrial is a matter within the discretion of the trial court. Walker v. State, 416 So.2d 1083
(Ala.Crim.App. 1982); Wood v. State, 416 So.2d 794
(Ala.Crim.App. 1982); Bowman v. State, 401 So.2d 333
(Ala.Crim.App. 1981); Edgeworth v. State, 304 So.2d 911,54 Ala. App. 93 (Ala.Crim.App. 1974). A trial court will not be reversed for denying a motion for mistrial unless a clear abuse of discretion is shown. It is apparent in this case that the court was doing its best to see that the appellant got a fair trial and was also doing its best to salvage the trial, if possible. It is the duty of the court to attempt to salvage a trial by curing potential error if possible, thereby saving the public the time and expense of another trial, and sparing the victim the stress of yet another court appearance. The denial of the mistrial motion was not arbitrary. The court and appellant's counsel discussed the best way to handle the situation. Alternatives were considered, and appellant's counsel had an opportunity to question the juror and did not do so. We find nothing but correct conduct on the part of the trial judge in this regard.
 II
Appellant next contends that the appellant's right to a fair trial was denied when the prospective juror, Mrs. Annie Julia Lewis, failed to answer "yes" to the question whether any prospective jurors knew Lue Ella Cook. On the basis of the testimony of Mrs. Cook and Mrs. Lewis, Mrs. Lewis quite properly did not answer in the affirmative at that time, since she had not recognized Mrs. Cook as her childhood acquaintance of 35 years before. This was, at the time, a truthful response. It is not every failure to respond to voir dire questions which entitles appellant to a new trial.
In Pugh v. State, 355 So.2d 386 (Ala.Crim.App.), cert. denied, 355 So.2d 392 (Ala. 1977), this court, quoting the Alabama Supreme Court in Freeman v. Hall, 286 Ala. 161,238 So.2d 330, stated as follows:
 "Although the factors upon which the trial court's determination of prejudice is made must necessarily vary from case to case, some of the factors which other courts have considered pertinent are: temporal remoteness of the matter inquired about, the ambiguity of the question propounded, the prospective juror's inadvertence or willfulness in falsifying or failing to answer, the failure of the juror to recollect, and the materiality of the matter inquired about.
 "We are mindful of the heavy responsibility placed on the trial court to maintain the statutory right which parties have to a full and truthful disclosure by jurors on voir dire. However, we must also be aware of inadvertent concealment and failure to recollect on the part of prospective jurors."
Again, in Pugh, this court stated:
 "This Court will review the trial court's ruling on motion for new trial predicated on a juror's failure to answer questions propounded on voir dire examination only for abuse of discretion in its determination as to probable prejudice. Freeman v. Hall, 286 Ala. 161, 238 So.2d 330 (1970); Smithson v. State, 50 Ala. App. 318, 278 So.2d 766 (1973)."
We find that the appellant was not denied the right to a fair and impartial trial as a result of these occurrences.
 III
Appellant next contends that the court erred in denying appellant's motion for a new trial on the ground of the juror's contact with the witness. Whether or not to grant a motion for new trial is also a matter within the discretion of the trial court. Watson v. State, 389 So.2d 961 (Ala.Crim.App. 1980);Hollins v. State, 415 So.2d 1249 (Ala.Crim.App. 1982); Young v. *Page 995 State, 346 So.2d 509 (Ala.Crim.App. 1977). In Gaffney v. State,342 So.2d 403 (Ala.Crim.App. 1976), cert. denied, 342 So.2d 404
(Ala. 1977), the court was faced with a situation where a juror and the mother of the deceased victim had a conversation during the course of the trial. Both of them testified that they said nothing about the case. This court stated:
 "The prejudicial effect of communications between jurors and others, especially in a criminal case, determines the reversible character of the error. Whether there has been a communication with the juror and whether it has caused prejudice are fact questions to be determined by the Court in the exercise of sound discretion. The evidence pertaining to the conduct of this juror was submitted at the hearing on Motion for a New Trial. It became the duty of the trial judge to exercise his reasonable discretion in weighing and determining such evidence and making his decision thereon. His ruling and determination will not be disturbed in the absence of a showing of abuse of discretion. Such abuse was not, in our opinion, in any way evident."
 IV
Appellant next contends that the court erred in sentencing the defendant and then overruling his motion for a new trial on the grounds that the state failed to properly prove the prior felony convictions. The state offered certified copies of three prior felony convictions. In rebuttal, the defense offered into evidence pages from the telephone directories of Mobile, Tuscaloosa, Montgomery, and Birmingham, Alabama, to indicate that the name Glen Davis is a common name and that the first name may be spelled in at least two different ways.
There is a prima facie presumption that where two names are identical that those names refer to the same person. Esco v.State, 278 Ala. 641, 179 So.2d 766; Ex parte Davis, 200 Ala. 577,76 So. 935; Dunaway v. State, 278 So.2d 200, 50 Ala. App. 200, cert. denied, 278 So.2d 205, 291 Ala. 93. We find that introduction from the pages of the telephone directories did not rebut the presumption of sameness of person. The certified copies of the prior convictions were properly received into evidence and the court properly relied on them in sentencing in this case.
Accordingly, this case is due to be affirmed.
AFFIRMED.
All the Judges concur except BOWEN, P.J., who concurs in result only.